### GEO. F. MOORE v. H. W. MOORE.

(Case No. 1271.)

1. EVIDENCE.— See opinion for action of the district court in excluding from the jury the certified copy of a judgment offered by appellant, held to have been properly excluded.

2. INJUNCTION.— The filing of a petition for writ of error twenty-three months after judgment, and the execution of a writ of error bond, which did not operate a *supersedeas*, by the plaintiff in a divorce suit, against whom final judgment was rendered in the district court, will not have the effect of reviving an injunction prohibiting the alienation of the community property which issued before the judgment was rendered in the district court. This case distinguished from Williams v. Pouns, 48 Tex., 144, in which it was held that the execution of an appeal bond which operated as a *supersedeas* would have the effect of suspending the final decree dissolving an injunction during the pendency of the appeal in the supreme court.

3. PURCHASER.— The wife in whose favor a decree of divorce is made is entitled to satisfaction out of the mass of the community property for such portion of her interest as she does not obtain in kind, and this as against a purchaser with notice pending the suit for divorce.

4. TRANSFER OF INTEREST IN ESTATE.— A conveyance by the widow and heirs of the deceased husband transferred " all the right, title and interest we have in and

to the estate of Clinton A. Rice (the deceased), the same being real or personal property; we do hereby transfer all interest, claims and demands to which we are now entitled in any way or manner, as heirs at law of said Rice, deceased. This transfer is intended to fully transfer and invest said Erwin with all and singular any and all interest we may have, or may hereafter have, in said estate of C. A. Rice." *Held*, that the transfer invested the purchaser not only with all her rights as surviving wife in her husband's estate, but with the ownership of a claim for waste and conversion of personal property, presented by the wife, allowed by the administrator, and approved by a court of competent jurisdiction.

5. SAME.— Such a claim, thus approved by a court of competent jurisdiction, cannot be inquired into or attacked in a collateral proceeding.

6. SAME.— The owner of such an approved claim is entitled to satisfaction thereof from the husband's interest in the community estate, fraudulently conveyed by the husband pending a suit for divorce by his wife, and in the hands of a purchaser with notice. The community interest of the wife would, under such circumstances, belong to the purchaser under the transfer thereof by her.

APPEAL from Houston. Tried below before the Hon. Wm. D. Wood.

Suit by Jane Rice against H. W. Moore, to subject one thousand and twenty acres of land, part of the C. A. Rice league, to her claim for one-half undivided community interest, and also to subject the balance, or as much thereof as might be necessary, to sale to pay her claim for satisfaction for the use and waste of the community estate of C. A. Rice and Jane Rice during the pendency of her divorce suit, instituted in district court of Houston county in 1867, and decided in her favor in 1868; to have canceled as a cloud upon her title a deed made by C. A. Rice to the defendant H. W. Moore, in 1867, alleging fraud on the part of C. A. Rice, and in respect to their community estate, and that defendant Moore paid no valuable consideration therefor and had full notice of plaintiff's rights, and that at the time the deed was made he was under an injunction from the court prohibiting such alienation; that, in addition to her one-half interest, she also had right to the satisfaction of the sum of $1,693.33 and legal interest thereon, the amount of an approved claim in her favor against the estate of C. A. Rice for the waste and appropriation of her community estate during the pendency of the divorce suit, and that the estate of C. A. Rice was insolvent, and she was without remedy unless this land was held subject. Jane Rice died in 1873; before her death she transferred all right, title and interest in the estate of C. A. Rice to appellant. Appellant filed his plea of intervention and asked to be allowed to prosecute the suit, which was allowed, on requiring the heirs of Jane Rice to be made parties. This was done. Judgment in favor of appellant; but on appeal it was reversed because the rec-

ord failed to disclose perfect service on one of the heirs. The cause was again tried in the district court at fall term, 1880, and judgment rendered against appellant.

A certified copy of the judgment was offered in connection with other evidence to show that, after the institution of the divorce suit, C. A. Rice allowed a judgment by default against him for five hundred acres, homestead tract of land of several thousand dollars' value, for the fraudulent purpose of injuring Jane Rice, by placing his property out of her reach.

The five hundred acres, after this recovery, were restored by the plaintiff in that judgment to C. A. Rice, being held for his use by his brother Joseph, and after the war, in 1865 or 1866, C. A. Rice re-entered and re-occupied the same till his death in 1867. All the personal property was removed by C. A. Rice and appropriated during the pendency of divorce suit, as witnesses testified, with the avowed purpose, repeated to different persons, that his wife should not have any of it; that he would beat her, etc.

An injunction was sued out, at the instance of Jane Rice, on a bond given, as required by the *fiat* of the judge, in the sum of $14,000, and the writ served on the 31st day of October, 1857; judgment rendered against her in the district court in fall of 1858, and carried to supreme court by writ of error on 25th day of July, 1860, and was not decided there till the fall of 1868, when a decision was rendered in her favor. C. A. Rice conveyed the land in controversy to H. W. Moore on the 23d day of February, 1867. The writ of injunction required that C. A. Rice should abstain from any sale, removal or other disposition of any of the property belonging to that community estate. This land was community.

H. W. Moore admitted that he had actual notice of the divorce suit before receiving his deed from C. A. Rice, though he claimed to have bargained for the land before he had any such notice.

*Nunn & Williams*, for appellant, cited Pasch. Dig., art. 3458; Wright *v.* Wright, 3 Tex., 178; Hagerty *v.* Harwell, 16 Tex., 663; Fisk *v.* Miller, 20 Tex., 579; Williams *v.* Pouns, 48 Tex., 145.

The evidence showed that appellant had only received his half of the remaining two thousand and fifty acres, and had not received any kind of satisfaction for the half of this one thousand and twenty acres. The defendant received his deed from C. A. Rice with actual and constructive notice of the rights of Jane Rice. Appellant also owned the claim of Jane Rice established against C. A. Rice's estate, $1,693.33, as compensation for her interest in property ap-

propriated and wasted by C. A. Rice during pendency of divorce suit. Nichols *v.* Stewart, 15 Tex., 226; Dorn *v.* Dunham, 24 Tex., 366; McKey *v.* Welch, 22 Tex., 396; Tuttle *v.* Turner, 28 Tex., 773; Veramendi *v.* Hutchins, 48 Tex., 531; Lumpkin *v.* Murrell, 46 Tex., 53; Yancy *v.* Batte, 48 Tex., 55; Wade on Notice, sec. 267; 3 Washburn on Real Prop., p. 333.

*H. W. Moore* and *J. R. Burnett,* for appellee, cited Kimbro *v.* Hamilton, 28 Tex., 560; Gould *v.* West, 32 Tex., 352; 3 Washburn on Real Prop., pp. 86, 89; Bigelow on Estoppel, p. 267.

WEST, ASSOCIATE JUSTICE.— The first error assigned relates to the action of the court in excluding from the jury the certified copy of the judgment of R. P. Trabue *v.* C. A. Rice, rendered in the United States circuit court at Tyler on the 16th day of April, 1858.

By this judgment five hundred acres of land, alleged to be the homestead of C. A. Rice, near the town of Crockett, was recovered by R. P. Trabue, the plaintiff in the suit. It was sought to be used by appellant in support of the allegations in his pleadings as to the fraudulent disposition by C..A. Rice of the real and personal property of the community pending the divorce suit between him and his wife, Jane.

The judgment of the supreme court in the divorce suit does not find this five hundred acres to have ever been at any time a part of the community estate of C. A. and Jane Rice. Hence, if at all, it could only in the most remote manner shed any light on that issue, and therefore the court, under all the circumstances, ruled correctly in excluding it.

Even if there had been error in that respect, it would have been an immaterial error. The court below properly allowed appellant in the same connection to show the different acts of C. A. Rice and his brother Joseph and others, subsequent to the date of the judgment, in reference to this homestead tract, and the jury were properly put in possession of a number of facts that were quite sufficient to enable them to come to a correct conclusion as to the true nature and purpose of these transactions, without the aid of the judgment in question.

The second error assigned is to the effect that the court erred in not charging the jury that the injunction originally granted in the divorce suit was revived and continued in force by reason of the writ of error sued out by Jane Rice to revise the final judgment in the divorce suit, and that as a consequence any purchaser from the

defendant C. A. Rice, in the interval between the date of the final
judgment in his favor and the time when that judgment was re-
versed and rendered in the supreme court, would be charged with
notice of the existence of such injunction, and would be bound by it.

The facts are that a final judgment was rendered adversely to
Jane Rice, the plaintiff in the divorce suit, by the district court of
Houston county at its fall term, 1858. This final judgment worked
a dissolution of the injunction which had been obtained by her in
October, 1857, and from this action of the court no appeal was
taken. But about twenty-two months after its rendition, on the 25th
of July, 1860, a writ of error was sued out by Jane Rice and a bond
given by her in the sum of only ($200) two hundred dollars. This
bond is to be found in the record. It is a matter of doubt whether
it is intended as a cost bond or as a *supersedeas* bond. It is mani-
festly not the latter; the personal property alone in dispute exceeded
$1,500, without including the slaves that were property when the
suit was commenced and when the bond was given.

Without determining at present what effect (if any) the execution
of a proper *supersedeas* bond, sued out after so long a delay, would
have had upon the injunction originally granted, we are of the opin-
ion that, in this case, at least, the filing of the petition for the writ
of error, and the execution of the writ of error bond found in the
record, did not have the effect of reviving the original injunction.

In Williams v. Pouns, 48 Tex., 144, it was held that the execution
of an appeal bond that operated as a *supersedeas* would have the effect
of suspending the final decree dissolving the injunction during the
pendency of the appeal in the supreme court. This, we believe, is
recognized in Texas as the correct doctrine. High on Injunctions,
sec. 1708. Whether a writ of error sued out eighteen or twenty
months after the date of the final judgment, accompanied by a valid
*supersedeas* bond, would have the same effect as an appeal bond filed
without delay, it is not necessary now to determine, because the bond
filed in this case is not of that character. It is believed, however,
that there may be some difference between a case where the suit is,
without delay, prosecuted diligently by a prompt appeal, and one
where the party chooses to delay and postpone action until almost
the last moment allowed by law, and then sues out a writ of error.
High on Injunctions, secs. 1702–1711.

The third assignment of error objects to the charge of the court
on the ground that it restricted the inquiry of the jury, as to the
injury to Jane Rice by the sale of her husband to the appellee, to
the consideration alone of the land (the headright league and labor),

when in fact their attention should have been directed, and their inquiry made, as to the entire community estate. The main charge of the court is not as clear and distinct on this point as it should have been, but we think that this defect was for the most part remedied by the subsequent action of the court in giving the special instruction asked on this point by appellant. This instruction was as follows:

"That Jane Rice had one-half undivided interest in the whole community estate which existed when the suit for divorce was brought, and, as a consequence, had a right to satisfaction for such portion of her interest as she did not get in kind, out of the balance of such estate which could be reached; and if it appears from the evidence that the conveyance by C. A. Rice to H. W. Moore had the effect to defraud and injure such right of Jane Rice to satisfaction for her interest in the whole community estate, and did not leave on hand a sufficient portion of such community estate to fully satisfy such interest, such conveyance would be fraudulent as against the said Jane Rice and void as against any balance of such community estate remaining due to her."

With this instruction given, the charge of the court presented the issue fairly enough, and the appellant suffered no injury from the action of the court in this respect.

We do not regard the fourth assignment of error as well taken. It is, in substance, that the court instructed the jury not only that the conveyance of C. A. Rice to the appellee must have been made with fraudulent intent, but, in addition to that, it must also have the effect of injuring the rights of Jane Rice.

This can hardly be said to be a full and careful statement of the charge in this respect. The court, in substance, informed the jury that if C. A. Rice sold the land to appellee, during the pendency of the divorce suit, with the fraudulent intent of injuring or impairing the rights of Jane Rice, the jury should find for appellant. The court also, in the same connection, at the request of appellant, informed the jury that if such sale to appellee had the effect of injuring the rights of Jane Rice as to her interest in the whole community estate, such sale was fraudulent. This gave the jury the law applicable to the facts of the case with substantial accuracy.

What has been previously said will be sufficient to dispose of the fifth assignment of error without further remark.

In view of the disposition we have concluded to make of the case, we deem it unnecessary to consider in detail all the remaining assignments of errors.

There seems to be no point in any of them specially requiring a discussion of their merits at this time, except the matters presented in the eighth and tenth assignments. Before proceeding to consider them, we deem it proper to notice the first and second assignments of errors of appellee. These relate to the claim of appellant, as assignee of Jane Rice, against the estate of C. A. Rice.

It will be enough to say on this point that we regard the transfers offered in evidence as sufficient to vest in the appellant not only the rights of Jane Rice as surviving wife in her husband's estate, but that they were also sufficient to invest the appellant with the ownership of the claim in her favor which she had proved up, and which had been ranked as a just claim against the estate of C. A. Rice. The charge of the court to the jury on that point was entirely correct.

The eighth assignment of error brings in review the charge of the court in reference to this approved claim of Jane Rice against her husband's estate for sixteen hundred and ninety-three and 33-100 dollars ($1,693.33). This was a demand for waste and conversion of certain personal property, and other items set up by Jane Rice against the estate of her husband. The evidence shows that this claim was properly sworn to, presented to the administrator, and, after his allowance of it, was presented to the district judge, who, after a full examination of the claim, reduced its amount, and approved it for the sum above named. This action of the court was duly entered of record.

In this suit the appellant sought by proper averments to subject one-half of the one thousand and twenty acres purchased by appellee of C. A. Rice on the 23d of February, 1867, to the payment of this claim. Appellee in his pleadings resisted this demand of appellant, and denied that, under the facts, the land was charged in his hands with the payment of this claim; but did not attempt to bring in issue the justice of the claim as against the estate of C. A. Rice, nor did he charge or pretend even in his pleadings that the claim was false or fraudulent. Under these circumstances it was error for the court to charge the jury, as it did, that the jury had a right to inquire into the items comprising the claim, and determine whether they were false or fraudulent, or the contrary.

The charge of the court on this point was as follows: " The accepted and approved claim in favor of Jane Rice for the sum of sixteen hundred and ninety-three and 33-100 ($1,693.33) dollars, against the estate of C. A. Rice, approved November 19, 1870, is a judgment in legal effect for said sum of money, and proves itself;

and the facts, circumstances and items upon which it is based, so far as they are set out on the face of said account and of said items, are allowed and approved by the probate court and must be taken as true in this suit, unless you find from evidence clearly and to your satisfaction that the items and facts on which the claim is predicated are false and fraudulent, so far as the defendant in this suit is concerned."

This claim had ripened into a judgment, and it is a matter of grave doubt as to the right of appellee to attack in this suit the items of this claim as false or fraudulent. They had already been judicially ascertained to be correct, and the claim had been duly classified and ranked as a just claim against the estate of C. A. Rice, and was no more subject to collateral attack in this manner than the judgment of the probate court ascertaining the death of Rice, and the necessity for an administration on his estate. But be this as it may, it is sufficient to make manifest the error of the court in this behalf, to say, that while the appellee denied, as he had a right to do, the title of the appellant to the claim in question, and resisted its being made a charge against the land held by him under C. A. Rice, he at no time attacked the claim as spurious or fraudulent. He in no manner attempted to go behind the judgment of the court fixing the *status* of the claim, and its relation to the estate of C. A. Rice. The finding of the jury was adverse to appellant, and we cannot say that this erroneous charge of the court as to this claim did not contribute to the result. It may in fact have been the main cause of it.

The tenth assignment of error is in substance as follows: "The court erred in its charge to the jury whereby they were, in effect, instructed that if the intervenor, Moore, had acquired the entire or part interest in the remaining two-thirds of a league, after the one thousand and twenty acres deeded by C. A. Rice to defendant were taken out, and thereafter made claim to certain or specific portions of the same, it would operate an approval of the conveyance to defendant, notwithstanding such action, though true, might have been under circumstances that admitted of no such legal conclusion, and might have been in the exercise of his legal right."

The charge referred to was in substance as follows: "If the jury shall believe from the evidence that the appellee caused the two-thirds of the Rice league to be divided into three separate and distinct portions, and C. A. Rice deeded him one of these distinct portions of one thousand and twenty acres, with no intent to defraud his wife by so doing, and you find that the appellant became the

owner or part owner of the other two portions of said two-thirds of the league, and that said appellant, after so becoming the owner of said other portions, recognized and approved the partition and division of said land made by appellee, by claiming entire or specific portions of the other two portions or otherwise, and you find that the said Jane Rice, or her vendee, the appellant, and others that she may have sold the land to, or the assignees of her vendees, own and claim the full half interest of the said Jane Rice in said league and labor, and you find that Jane Rice has received the full benefit of her half interest in said league and labor by sale and disposition of the same, exclusive of any portion of the one thousand and twenty acres sold by C. A. Rice to the appellee,— in such case, if you so find all these facts, you will find for appellee."

The evidence showed that the appellant was entitled to one-half of the two-thirds of Rice's headright league and labor. This two-thirds of a league, in which appellant had a one-half interest, the appellee, without consulting him or Mrs. Jane Rice, caused to be divided into three tracts. The middle third, under some arrangement with C. A. Rice, or in some other manner not fully explained in the record, fell to the share of appellee. The evidence tends to show it to be the most valuable of the three parts into which the land was divided by appellee. The record also shows that, from the date of his purchase, appellee set up an exclusive right in himself to the whole of the one thousand and twenty acres that had in this way fallen to his lot. It is also plain from the record that if the appellant is rightfully entitled, under the evidence, to one-half of the one thousand and twenty acres claimed in his own right by appellee, that he has never received it.

The effect of the charge above substantially set forth was to make the impression on the minds of the jury, that the appellant, by dealing with the parts of the land to which his title was undisputed, had lost his right to the half of the land claimed by appellee.

We know, of course, that such was not the purpose of the learned and able judge who presided at the trial, and it is in effect so qualified as to show that the acts of the appellant, to which allusion was made in the charge, would not prevent his asserting a right to the land claimed by appellee, unless the jury believed that Jane Rice, before selling to appellant, had received the full benefit of her half interest in the C. A. Rice league and labor. Still, we think, under the facts of the case, and considered with reference to the previous portions of the charge, in which the jury were authorized by the court to inquire into the items of Jane Rice's claim against the es-

tate, that the charge, if not wrong, was at least confused and misleading in its character, and calculated to prejudice the rights of the appellant that were then in issue before the jury. Too much significance was attached, and too much prominence given in the charge, to the acts of appellant, with reference to that portion of the Rice league and labor to which his title was undisputed.

On another trial it will be unnecessary to present to the jury the issue as to whether or not the claim of Jane Rice against the estate of her husband was spurious and fraudulent. That matter was not a proper subject for inquiry by the jury under the facts and pleadings in the cause. If, on such trial, with sufficient proof, and under a proper charge, the jury shall find that the appellee did in fact perform valuable and important services as alleged, that were necessary and essential to the protection and preservation of the community estate of C. A. Rice and his wife Jane in this land; if they shall also find that the conveyance made to him by C. A. Rice was executed in entire good faith and for a valuable and sufficient consideration, and with no purpose or intent to defraud Jane Rice of her just and lawful right and claims on the community estate, for the protection of this estate, then no part of the land so purchased by appellee would be chargeable with the claim of appellant, and under such circumstances the appellee is entitled to the same. If, however, the jury shall believe that the sale was colorable, or the result of a fraudulent conspiracy between the appellee and C. A. Rice, or that Rice's intention in making the sale was fraudulent, and that intent known to appellee, then one-half of the land in the hands of appellee would be charged with the payment of Jane Rice's claim against C. A. Rice's estate (unless that claim is shown by proof to have been already paid), and the other half would belong to the appellant.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 6, 1883.]

Chief Justice WILLIE did not sit in this case.