The Texas Trunk Railway Company v. Jackson Bros.

No. 24.

**1. Appeal or Writ of Error — Effect on Judgment.** —An appeal or writ of error, whether prosecuted on cost or supersedeas bond, during its pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it.

**2. Same—Case in Judgment.**—Decree of forfeiture of the charter of the Texas Trunk Railway Company was appealed from. After such appeal was perfected by bond (appeal or error bond) the decree of forfeiture was suspended, and the railway company could execute a valid appeal or error bond to have any other judgment against it revised, as if no such forfeiture had been declared. That the forfeiture was affirmed would not affect such bonds made by the railway company pending the appeal.

**3. Same — Relation.** — An error bond executed by the railway company as principal, executed in another case but after the decree of forfeiture and before appeal therein had been perfected, would be valid by relation upon the appeal from the forfeiture decree being perfected.

**4. Forfeiture of Corporation — Fact Case.** — A corporation appealed from a judgment in the Justice Court, giving bond with sureties. In the County Court judgment was rendered against the corporation and its sureties. The charter of the corporation was adjudged forfeited. After the forfeiture the corporation and its sureties filed petition and error bond. The judgment of the County Court was affirmed by the Court of Civil Appeals on certificate. On motion to set aside the affirmance, *held*, that even if the corporation could not execute the error bond, yet the judgment of affirmance against the other parties prosecuting the writ of error and the sureties on the error bond should not be set aside.

On certificate of Court of Civil Appeals, Second District, in a case from the County Court of Kaufman County.

The questions certified and facts discussed are given in the opinion.

No briefs reached the Reporter.

STAYTON, Chief Justice.—This is a certificate from the Second Supreme Judicial District, reading as follows:

" On the 28th day of September, 1891, defendants in error recovered a judgment in the County Court against the Texas Trunk Railway Company as principal, and William G. Mowry, Eugene Still, and Sam H. Millican sureties on its appeal bond from the Justice Court, in the sum of $130.20, with interest thereon at the rate of 6 per cent per annum from the date thereof.

" On the 31st day of December, 1891, all of the parties against whom said judgment was rendered as aforesaid filed in said court their bond for a writ of error to this court, with Sam Allen and C. Lombardi as their sureties.

"A certificate to affirm said judgment in due form was filed in this court on the 3d day of March, 1893, and said judgment was by this court affirmed upon said certificate on the 22d day of March, 1893.

"A motion is now filed to set aside this judgment of affirmance, and it is made to appear in support of said motion, that on the 14th day of September, 1891, the charter of the Texas Trunk Railway Company, which was a private corporation, duly incorporated under the laws of this State, was by decree of the District Court of Ellis County, Texas, duly and legally forfeited."

The questions certified are as follows:

" 1. The charter of said corporation having been forfeited previous to the time it attempted to execute said writ of error bond, did it have the power to execute the same, and can the judgment of affirmance stand as against it?

" 2. If it be held that the judgment of affirmance should be set aside as to said corporation, what effect would this have upon the judgment of affirmance against plaintiffs in error Mowry, Still, and Millican, who were sureties on the appeal bond from the Justice Court, as above set forth?

" 3. If it should be held that the judgment of affirmance as against said corporation should be set aside, what effect should this have upon the judgment of affirmance against the securities on the writ of error bond to this court, they being sureties of Mowry, Still, and Millican, as well as of the defendant corporation?

" 4. If it should appear from the record that an appeal was taken by said Texas Trunk Railway Company from the judgment of forfeiture against it, and that said appeal was pending in the Supreme Court at the time of the execution of the writ of error bond in this case, what effect would this have as to the power of said corporation to give such bond, pending such appeal, and should the judgment in this court be rendered thereon if it be made to appear that said judgment of forfeiture has been affirmed in the Supreme Court?"

In some of the States it is held, that appeal deprives a judgment of its character of finality, and that pending appeal it can not be offered in evidence of the right it declares, or pleaded in bar; while in other States it is held, that although appeal may suspend the right to have the judgment enforced during its pendency, it may be pleaded in bar or offered in evidence as though in all respects a final judgment.

In this State, a judgment may be enforced during pendency of appeal, unless it be superseded by such a bond as the statute requires; but in case of reversal the opposite party will have to restore what he received through the judgment, although a third person purchasing property under process issued under it will in such case be protected in his purchase.

The statute regulating these matters evidences that appeal without supersedeas does not suspend the effect of the judgment for all purposes;

but the effect of reversal shows that the purpose of permitting it to be enforced when security is not given is simply to give a prima facie effect to it for the security of its holder.

It has been held, that a judgment merges the original cause of action, notwithstanding an appeal, so long as the judgment stands unreversed; and that for this reason appeal or writ of error would not abate on the death of the party who had recovered the judgment, even though, on account of the nature of the original cause of action, the action would have abated had the plaintiff died before judgment. Merger in such a case, however, may be only temporary, for if the judgment be reversed on appeal, the right of the parties stands upon the original cause of action.

It has also been held, that an appeal which opens the judgment and entitles the appellant to a trial de novo annuls the judgment appealed from; but appeals from County or District Courts to a Court of Civil Appeals, whether by appeal or writ of error, do not entitle a party to a trial de novo in that court.

There can be no doubt that a person who has obtained a judgment, afterwards affirmed on appeal, is entitled to all the benefits that would have resulted from it had there been no appeal, for the affirmance gives effect to the original judgment; but that this is so does not tend to show that the original judgment, when appeal is prosecuted, has at all times that character of finality which will authorize its admission in evidence of the right declared by it, or authorize it to be pleaded as a bar.

In Thompson v. Griffin, 69 Texas, 142, it was held, that a defendant who had received the benefit of a payment on an action brought on one note could not avail himself of the same payment in an action brought on another note, even though he had sued out a writ of error on the judgment first rendered.

The correctness of that decision is evident, without reference to the effect the writ of error had on the first judgment; but from an expression in the opinion it seems to be understood that this court adopted the rule, that appeal from a judgment took from it nothing of that finality of character it would have possessed had there been no appeal.

No ruling on that question was necessary to the decision of the cause, and we do not understand that it was the intention of the court to announce such a rule, for the authority cited would sustain either of the diverse views; in fact, that authority only stated what the rulings of different courts on the question were.

The rulings to which we have referred do not reach the questions certified; and in view of the conflict of decision, we feel authorized to adopt the rule believed to be supported by the better reason, and most likely to secure the ends of justice.

In this State appeal and writ of error perform the same office, and bring before the appellate court for revision the rulings of the trial court, and

when prosecuted to a Court of Civil Appeals do not give the right to a trial de novo.

That the proceeding instituted in either method is but the continuation of the action or suit brought in the trial court, is the settled rule in this State. Moore v. Moore, 59 Texas, 54; Hickcock v. Bell, 46 Texas, 613; Brackenridge v. San Antonio, 39 Texas, 66; Hart v. Mills, 38 Texas, 513; Harle v. Langdon, 60 Texas, 555.

In the case last cited it was held, that a purchaser from one who had obtained a judgment in an action of trespass to try title did not take title to the land in controversy incapable of being annulled by a reversal of the judgment on writ of error obtained subsequently to his purchase.

We are of opinion that appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it.

That, under the statute, execution may be issued and the judgment be enforced during the appeal when only a cost bond has been given, does not affect the question; for this is by virtue of the statute, which does not undertake to determine the status of the judgment in reference to any matter involved in the questions certified.

If the petition for writ of error and proper bond had been filed, to remove the cause in which the forfeiture of the company's charter was declared to an appellate court, before the bond in question was executed, then the corporation had power to execute it, and the subsequent affirmance of the judgment of forfeiture would not affect the right of the parties, even if dissolution of a corporation by decree of court would deprive it of power to execute bonds for the protection of the interests of all interested in its assets; for until affirmance of the judgment of forfeiture, dissolution of the corporation did not take effect; and neither the death of a person or corporation while appeal or writ of error is pending would abate the action in the appellate court. Rev. Stats., art. 1044; Gen. Laws, Spec. Sess., 1892, p. 30, sec. 30.

The general rule is, that a corporation after dissolution can do no corporate act; but it is not true that after a decree declaring a forfeiture of the corporate franchise it may not do some acts necessary to protect corporate interests, or to secure a final determination whether cause for forfeiture of the corporate franchise and dissolution existed.

A corporation whose franchise has been declared forfeited by a court of original jurisdiction has the same right to have that judgment revised by an appellate court as has an individual to have such revision of a judgment rendered against him; but to entitle either a corporation or an individual to prosecute an appeal or writ of error it is necessary that a bond be given, unless affidavit of inability can be made. If it was neces-

sary for a corporation whose franchise had been forfeited to execute a bond in the corporate name in order to prosecute an appeal or writ of error, the intendment would be that the law makers intended this power should continue, notwithstanding the declaration of forfeiture, rather than that the corporation by such a decree should be deprived of the right to have a revision of such a judgment, on which its very life depended.

Corporations have the same right to have judgments against them, of every character, revised by the appellate courts as have persons; and it could never have been intended, that by the judgment of a court of original jurisdiction a corporation should be so completely incapacitated that it could not do, even in the corporate name, such acts as the law prescribes to entitle it to a hearing before the appellate tribunal.

The prosecution of an appeal or writ of error in the corporate name is a corporate act, but no person ever entertained or expressed a doubt of the right of a corporation to prosecute an appeal or writ of error from a judgment declaring a forfeiture of its charter. The right was recognized under the judgment referred to in the certificate in Texas Trunk Railway Company v. The State, 83 Texas, 1, and in East Line & Red River Railway Company v. The State, 75 Texas, 434; and the books are full of cases in which such rights have been exercised.

While the declaration of forfeiture of the franchise of a corporation does withdraw from it power to carry on the business for which it was chartered, and to exercise those powers which could not exist but for the act of incorporation; still, after forfeiture it may be that acts, even in the corporate name, necessary to the preservation of the assets, may be done after the decree of forfeiture.

We will not infer, however, that the record before the Court of Civil Appeals does not show every fact which makes the submission of the questions certified necessary, and therefore take it as true that the railway company perfected an appeal from the judgment of forfeiture; and in view of that fact, if the power of the corporation to prosecute an appeal after the rendition of that judgment be limited to that, and power in the corporate name thereafter to make appeal or writ of error bonds and prosecute appeals or writs of error would not exist in other cases, unless appeal or writ of error was first perfected in the forfeiture case, then we are of opinion that the writ of error bond in question would be valid by relation, even if executed before the appeal in the forfeiture case was perfected.

This renders it unnecessary to decide whether the bond in question would have been valid had no appeal been perfected in the action brought by the State that resulted in declaration of forfeiture of charter.

If it were held that it was necessary to set aside the affirmance as to the

corporation, because it had ceased to exist when the writ of error was sued out, we do not think this would affect the right of defendant in error to have the judgment against the other parties named in the certificate affirmed.

It was their right to prosecute a writ of error if the corporation could not; and if they wrongfully joined it when they had no right to do so, they could not take advantage of their own wrong to avoid liability.

The sureties on the writ of error bond are bound, even if the corporation had ceased to exist.

There were principals to be bound; no illegality in the contract nor deception practiced, so far as the certificate shows, which would relieve them from obligation.

If they desired information as to the status of the corporation, they should have inquired. Their signing as sureties was, in effect, a declaration that the principals existed and had power to contract, and they should be held bound as is a surety who as such makes a contract in which a married woman or infant is the principal, but on account of disabilities that attach to such persons, were unable to make a valid contract.

Delivered June 24, 1893.