### DURHAM et al. v. SCRIVENER et al. (No. 6343.)

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1920. Rehearing Denied March 3, 1921.)

1. Garnishment ⬠1, 7—Garnishment is ancillary to main case and must be based on final judgment.

The garnishment authorized by Rev. St. art. 271, subd. 3, where plaintiff has a judgment and makes affidavit that defendant has not within his knowledge property in his possession subject to execution to satisfy the judgment, is merely ancillary to the main case, and depends upon the existence of a final judgment execution of which has not been suspended by appeal or otherwise.

2. Appeal and error ⬠461—Appeal by cost bond does not prevent garnishment proceedings under statute permitting "execution."

Where defendants perfected their appeal by a cost bond only, thus coming within Rev. St. art. 2100, declaring that in such case the bond shall not have the effect to suspend the judgment, but execution shall issue thereon as if no appeal had been taken, the trial court has jurisdiction to entertain garnishment proceedings pursuant to article 271, subd. 3, for, even if the word "execution," instead of being accepted as any means appropriate for the enforcement of the judgment, should be taken in its strict sense, the article indicates that proceedings for enforcement of the judgment are not suspended, and hence, though garnishment, which is a species of execution, be deemed not within the strict letter of the act, it is permissible.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Execution (Writ of).]

On Rehearing of Application for Mandamus and Injunction.

3. Appeal and error ⬠456 — Injunction and mandamus will not issue to restrain judgment in garnishment, execution on the original judgment not having been superseded.

Where defendants appealed merely by giving a cost bond, and plaintiff commenced garnishment proceedings, the Court of Civil Appeals will not issue writs of injunction and mandamus to restrain enforcement of the garnishment judgment, for such writs will only be issued to enforce its jurisdiction, and the garnishee not having appealed from the judgment in garnishment, and not being a party to the original suit, the Court of Civil Appeals' jurisdiction is not involved.

4. Appeal and error ⬠456 — Appellants aggrieved by garnishment judgment held to have remedy in trial court.

In such case defendants, if aggrieved by the garnishment judgment, whether it be final or interlocutory, have appropriate remedies in the trial court, and are not entitled to injunction or mandamus, issued by the Court of Civil Appeals; those writs being merely to protect its jurisdiction.

Jenkins, J., dissenting.

Original application by R. L. Durham and others for mandamus and injunction against Chas. P. Scrivener and others to set aside and restrain the enforcement of a garnishment judgment. Application denied.

R. H. Ward, of Wichita Falls, for applicants.

Dougherty & Dougherty and H. S. Bonham, all of Beeville, and J. D. Moore, of Austin, for respondents.

BRADY, J. This is a proceeding by Cordell Petroleum Company, one of the appellants in the above cause, and by the City National Bank of Commerce of Wichita Falls, Tex., for mandamus and injunction to set aside and restrain the enforcement of a certain garnishment judgment.

Appellees, Scrivener and Wortham, as intervener, brought suit in the district court of Travis county to cancel a certain deed of conveyance, and to recover a moneyed judgment for oil alleged to have been taken from the lands conveyed.

On May 29, 1920, they recovered judgment for cancellation of the deed and a moneyed judgment, joint and several, against R. L. Durham, W. M. Campbell, T. H. Bass, trustee, Durfee Mineral Company, and Bass Petroleum Company for the sum of $22,815, and also a joint and several judgment against W. M. Campbell, R. L. Durham, and Cordell Petroleum Company for the sum of $21,183.

Durfee Mineral Company and Bass Petroleum Company filed supersedeas bonds in the sum of $52,000, but no other defendant filed a supersedeas; R. L. Durham, W. M. Campbell,

and Cordell Petroleum Company having perfected their appeal to this court by cost bond only.

After the adjournment of the term of court at which the judgment was rendered, but before the cost bond of Cordell Petroleum Company and other defendants was filed, the plaintiffs filed an affidavit in the same court for the issuance of a writ of garnishment upon the City National Bank of Commerce.

The garnishee answered that it was indebted to Durham in the sum of $37.48, and to Cordell Petroleum Company in the sum of $5,163.14, and does not appear to have set up any defenses. The answer of the bank was not controverted by either Durham or Cordell Petroleum Company; and the court rendered judgment against the bank for the sums admitted to be due the defendants named, but declined to enter any orders against Durfee Mineral Company and Bass Petroleum Company, on the ground that they had filed supersedeas bonds, and that the court was without further jurisdiction as to them.

It is to mandamus the trial court to set aside the garnishment judgment, and to enjoin its execution, that this proceeding has been brought. It was admitted on the argument of the case that the garnishee had not appealed from the judgment.

#### Opinion.

It is urged by the respondents Scrivener and Wortham that the bank is not a proper party to this motion, and has no standing in this court. There is the further claim that, if the applicants' theory that the garnishment judgment is void be correct, they have other remedies, and that it is not necessary for the enforcement of the jurisdiction of this court to issue the writs prayed for.

In the view we take of the case, it is not necessary to decide either of those questions. We have concluded that the garnishment judgment has not been shown to be a void judgment, and therefore it is neither essential nor proper to decide whether it would be an invasion of the jurisdiction of this court over the main case if it were a void judgment.

We will now proceed to discuss the principal and controlling question in the case: Did the trial court have jurisdiction to enter the garnishment judgment?

The question, we think, is to be determined by the proper construction of article 2100, Revised Statutes, which reads as follows:

"The bond or affidavit in lieu thereof, provided in the three preceding articles, shall not have the effect to suspend the judgment, but execution shall issue thereon, as if no such appeal or writ of error had been taken."

[1] Subdivision 3 of article 271, Revised Statutes, authorizes writs of garnishment to be issued by clerks of the district and county courts, "where the plaintiff has a judg-

ment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment." It is enough to say that judgment, as there used, means a final judgment, the execution of which has not been suspended by appeal or otherwise. This statute gives little, if any, aid in determining whether the judgment in the main case was suspended by the appeal, upon a cost bond only, and whether jurisdiction and control over it vested entirely in this court pending the appeal.

Appellants insist that, upon giving the cost bond on appeal, this court was invested with complete control and jurisdiction over the judgment, until the appeal is decided, except that execution may issue as provided by article 2100, and that garnishment is not such a process or proceeding as the statute authorizes to enforce the judgment, even though no supersedeas bond was given by Cordell Petroleum Company.

Counsel for both sides cite authorities to the effect that garnishment is merely ancillary to the main case, and depends, in a case like this, upon the recovery of a judgment in the original suit. Respondents urge, however, that the issue in the garnishment suit is ordinarily merely whether the garnishee is indebted to the defendant, and it does not involve any of the issues in the principal action. These propositions seem to be indisputable, and the rule is stated here only because it may be of importance in deciding whether garnishment is a process to enforce the judgment authorized by statute when no supersedeas bond has been given.

[2] It will be remembered that article 2100, quoted above, not only provides that a cost bond on appeal or writ of error shall not have the effect to suspend the judgment, but that execution shall issue thereon as if no appeal or writ of error had been taken. There is much respectable authority for the doctrine that "execution," as employed in statutes for the enforcement of judgments, signifies all appropriate means and processes to execute the judgment. Pierson v. Hammond, 22 Tex. 585; 17 Cyc. 922; Beard v. Wilson, 52 Ark. 290, 12 S. W. 567; State ex rel. Heckel v. Klein, 137 Mo. 673, 39 S. W. 272; National Foundry Co. v. Oconto Water Co., 52 Fed. 43, 55; Orchard v. Wright, 225 Mo. 414, 125 S. W. 486, and authorities cited at page 504, 20 Ann. Cas. 1072.

In the Texas case of Pierson v. Hammond, supra, the court had before it for decision the question whether the term "execution" as used in a statute, included an order of sale of specific property. The statute expressly named the writs of execution, sequestration, and attachment. Chief Justice Wheeler, in discussing the question, said:

"But it is insisted that she could not assert her right under the statute in this case, because, it is said, the process under which the property was seized was not an execution, within the meaning of the statute. Hart. Dig. art. 2814. We think differently. The term 'execution' applies to all process issued to carry into effect the final judgment of a court. Any writ which authorizes the officer to carry into effect such judgment is an execution. We see no cause to doubt that it was used in this comprehensive sense in the statute. The terms 'sequestration' and 'attachment' comprise all the process by virtue of which personal property may be seized before judgment, and 'execution' all process by which it may be seized after final judgment. The intention appears to have been to give this remedy in all cases where property is seized by the officer, under any writ of attachment, sequestration, or execution."

We think this language is applicable, in principle, to the statute we are considering, garnishment being a writ to enforce the judgment, and an appropriate and usual means for its execution. Indeed, garnishment is a species of execution. Shoe Co. v. Mercantile Co., 200 S. W. 250; Friedman v. Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278. And it was held by our Supreme Court in Simmang v. Ins. Co., 102 Tex. 41, 112 S. W. 1044, 132 Am. St. Rep. 846, that garnishment is a process to enforce the main judgment. It is true that, in a sense, it is a judicial proceeding by which a new judgment is obtained, but it is based directly upon the original judgment, and is for the purpose of impounding assets or property of the defendant in the hands of third persons, not subject to direct seizure and sale under execution. When judgment is established against the garnishee, execution is issued, as a matter of course, for its enforcement.

From what has been said it follows that, even if we consider only the last clause of article 2100, there is strong reason for holding that the word "execution" was used to denote any process or means usual and appropriate to the enforcement or execution of the judgment. But, if we should give to the term the narrow and restricted meaning of the ordinary writ of execution, it would not be decisive of the question. There would still remain the query: Did not the Legislature, when it provided that a mere cost bond should not suspend the judgment, intend that its execution should not be suspended, but that it might be enforced by any legal remedies or processes?

The statute expressly provides that such a bond shall not have the effect to suspend the judgment, and the last clause, providing for execution, is not, in our opinion, a limitation upon the express result previously declared. It is, at most, a direction to the officers to perform the ministerial duty of issuing execution and executing the writ, or a permission to the judgment owner to have the writ issued and levied. We think it fairly apparent that the Legislature intended, by this statute, that where the unsuccessful party in a judgment wishes to supersede the judgment or to suspend its enforcement, he cannot do so by merely giving a cost bond, but must give a supersedeas bond, for the security of the judgment holder, as provided in immediately succeeding and related articles; in other words, this is in a true sense a remedial statute, and was intended to give the owner of a judgment the full fruits of his recovery, unless the losing party protects him by a supersedeas bond.

The view just expressed is greatly strengthened by the articles upon supersedeas, which immediately follow and are a part of the same chapter. Article 2101 provides that, if the appellant desires to suspend "the execution of the judgment," he may do so by giving a bond in double the amount of the judgment. Article 2103 provides that upon the giving of such a bond "the execution of the judgment shall be stayed." If article 2100 did not exist, it would probably result, by necessary implication, from articles 2101 and 2103 that, if no supersedeas bond be given, the judgment would not be suspended or its execution stayed. Be that as it may, when the express language of article 2100, declaring that a cost bond shall not suspend the judgment, is considered in connection with the supersedeas articles, we think there can be no reasonable doubt that, if a losing party desires to suspend the execution of the judgment by any process known to the law, he must file a supersedeas.

It follows from the conclusions we have expressed that the trial court was not without jurisdiction of the garnishment suit, nor deprived of power to render the judgment complained of, by the giving of the cost bond by Cordell Petroleum Company; hence no invasion of the jurisdiction of this court has been shown.

In support of their contention that the trial court was without jurisdiction over the garnishment proceedings, and especially to render judgment therein, because the original judgment had been suspended by the giving of the cost bond, applicants cite the following cases: Railway Co. v. Jackson, 85 Tex. 608, 22 S. W. 1030; Waples-Platter Grocer Co. v. T. & P. Ry. Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; Dodson v. Hardware Co., 162 S. W. 954; Van Natta v. Van Natta, 200 S. W. 907. Each of these cases is thought by us to be distinguishable from the instant case.

In Railway Co. v. Jackson a judgment of forfeiture of the charter of the railway company was sought to be interposed as a defense in another suit against the railway company. In answering the questions certi-

fied by the Court of Civil Appeals, the Supreme Court considered the effect of a writ of error bond given by the railway company in appealing from the judgment of forfeiture with relation to its admissibility in evidence and in support of a plea in bar in the other suit. It was in reference to this question only that Chief Justice Stayton used the language relied upon by applicants in this case. In announcing its conclusion, the court said:

"There can be no doubt that a person who has obtained a judgment, afterwards affirmed on appeal, is entitled to all the benefits that would have resulted from it had there been no appeal, for the affirmance gives effect to the original judgment; but that this is so does not tend to show that the original judgment, when appeal is prosecuted, has at all times that character of finality which will authorize its admission in evidence [in support] of the right declared by it, or authorize it to be pleaded as a bar."

And also the following:

"We are of the opinion that appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it."

Whatever apparent sanction this language may give the contention of applicants in this case, it is clear that it must be confined to the facts in the case and the questions before the court. These we have indicated, and they certainly had no relation to the question of an attempt by a judgment owner to enforce his judgment by execution or other process while the case is pending on an appeal by cost bond. The doctrine announced by the Supreme Court is not believed to be at variance with our conclusions in this case. It may be conceded that, when an appeal is perfected from a judgment, it would not be admissible in some independent suit and between other parties in support of the right declared by it, but it does not follow that such judgment would not be admissible in evidence, or that the court in which it was rendered might not take judicial knowledge of its existence, in support of an ancillary proceeding such as garnishment. In such case it would not be offered in evidence or judicial cognizance of it taken by the court in support of any right declared by the judgment itself, but would be so recognized merely to establish the fact of its existence, and that it was a final judgment.

The right of a judgment owner to have the writ of garnishment, when that judgment is final and unsatisfied is given by statute. Upon making affidavit that he has such judgment, together with the other statutory requisites for garnishment he is entitled to the process; and where the garnishment proceeding is in the same court that court will take judicial knowledge of the rendition and existence of the judgment.

We not only think the Jackson Case is not in point as sustaining the contention of applicants, but there is indeed language in the opinion employed by Chief Justice Stayton, in the course of the reasoning, which would seem to support our view of the instant case. At page 606 of 85 Tex., at page 1031 of 22 S. W., it was said:

"In this state a judgment may be enforced during pendency of appeal, unless it be superseded by such a bond as the statute requires; but in case of reversal the opposite party will have to restore what he received through the judgment, although a third person, purchasing property under process issued under it, will in such case be protected in his purchase.

"The statute regulating these matters evidences that appeal without supersedeas does not suspend the effect of the judgment for all purposes; but the effect of reversal shows that the purpose of permitting it to be enforced when security is not given is simply to give a prima facie effect to it for the security of its holder."

And again at page 608 of 85 Tex., at page 1032 of 22 S. W., it was said:

"That, under the statute, execution may be issued and *the judgment be enforced* during the appeal when only a cost bond has been given, does not affect the question; for this is by virtue of the statute, which does not undertake to determine the status of the judgment in reference to any matter involved in the questions certified." (Italics ours.)

In Waples-Platter Grocer Co. v. T. & P. Ry. Co. a judgment based upon an unliquidated demand arising out of a breach of contract was made the basis of the garnishment suit, pending an appeal by cost bond from the original judgment. The two questions decided by the Supreme Court were merely these: that such an unliquidated demand, prior to judgment, is not the subject of garnishment; and, secondly, that the judgment based upon such a demand could not be made the subject of garnishment while an appeal was pending therefrom. It is manifest that this also was not a case where the holder of the judgment was seeking to enforce and execute the judgment under the statute, but the judgment was there made the object of the garnishment suit; in other words, the attempt was to garnish the railway company as a debtor upon the original judgment. Since the garnishee is required by statute to answer what, if anything, he is indebted to the defendant, and as the railway company had appealed, it would be unreasonable to require it to answer that it was indebted to the defendant in the garnishment proceeding, when the case was pending on appeal, and it might secure a reversal of the judgment. In such circumstances the Supreme Court, in

substance, held that the appeal did have the effect to suspend the judgment; but, as pointed out in Railway Co. v. Jackson, supra, this is far from holding that a judgment is in all respects suspended or superseded by an appeal perfected by cost bond only. Indeed, it would seem plain that such a holding would be squarely in the face of article 2100, and would also be violative of the spirit of the supersedeas articles.

The case of Dodson v. Hardware Co. is likewise regarded as no authority in this case, because it was not a case where the holder of the judgment sought to enforce it, but the judgment was in fact made the object of the garnishment; and it was sought to hold a judgment debtor liable pending his appeal from the judgment.

In Van Natta v. Van Natta, supra, the suit was to establish a foreign judgment. The court, under the state of the record, held that the law of Indiana, with relation to the effect of an appeal by cost bond, must be presumed to be the same as that of Texas. Upon this basis the court held, under the authority of Railway v. Jackson, that suit could not be maintained upon the judgment pending an appeal, because it would necessarily have to be offered in support of the right declared by it and made the basis of the suit. It is obvious that this was a case to establish and the petition declared upon a judgment, in an independent suit brought in another jurisdiction from that in which the original judgment was rendered, and was not a proceeding to enforce the judgment by final process based upon it.

To summarize our conclusions upon the cases just reviewed, we think they hold nothing more than that for some purposes an appeal by cost bond suspends the judgment, but that the effect of none of these holdings is that the owner of the judgment may not enforce the same by any appropriate process, where the judgment debtor has not given the supersedeas bond required by law in order to stay the execution of the judgment.

We have written at length upon this question, because of its importance and because we have been cited to no authority directly in point, and have found none.

The application is in all respects denied.

Application for mandamus and injunction refused.

## On Rehearing of Application for Mandamus and Injunction.

On December 1, 1920, we filed an opinion refusing the application for mandamus and injunction in this case, but entered an order continuing in effect the temporary restraining order theretofore granted, until motion for rehearing should be acted upon. Applicants have filed a motion for rehearing.

A careful consideration of the authorities and argument in the motion for rehearing has raised grave doubt in our minds as to the correctness of our construction of article 2100, Revised Statutes, in connection with the associated supersedeas articles, especially in so far as we held that the judgment in garnishment was a valid judgment. There is much force in the contention of applicants that, while the writ of garnishment might be regarded as an execution within the meaning of article 2100, and therefore might be issued to enforce the main judgment, this statute should not be construed to authorize the rendition of judgment in the garnishment case, prior to the determination of the appeal in the main case, it having been suspended by the appeal, except for execution to enforce it. However, in view of the conclusion we have reached upon the question of the jurisdiction of this court, we do not think it necessary to further review the effect of such statutes, upon that point.

[3] We have concluded that, whether the garnishment judgment was valid or void or merely premature, it did not constitute an invasion of the jurisdiction of this court, or such an interference with its jurisdiction as would justify us in issuing the writs prayed for. Our jurisdiction in this relation is limited to the issuance of writs of mandamus, or such other writs as may be "necessary to enforce" our jurisdiction. The garnishee has not appealed from the judgment in garnishment, and is not a party to the main suit. The garnishment proceedings are not before us, in any proper jurisdictional sense, by virtue merely of the appeal in the main case. It has not been made to appear that such proceedings in any wise interfere with our jurisdiction over any of the issues and questions involved in the case which has been appealed to this court. Therefore we do not think it has been shown that our jurisdiction of the main case has been interfered with or invaded.

[4] Furthermore, if the power be conceded and our jurisdiction shown to be, to some extent, involved, this court is not required to issue such extraordinary writs, unless necessary to enforce its jurisdiction. This necessity has not been shown to exist. Whatever may be the status of the garnishment judgment, as a final or merely interlocutory judgment, the latter being contended by applicants, they would seem to have appropriate remedies in the trial courts. Whether an appeal be taken to this court from the judgment in garnishment, or injunctive relief sought below against its enforcement, on the theory that it is merely interlocutory, it appears that applicants have remedies open to them, and action by this court would not appear to be now necessary for the protection of its jurisdiction.

We pretermit any expression of opinion upon the interesting questions raised by applicants as to the finality and validity of the

judgment in the garnishment suit. It will be time enough to make pronouncement upon these questions when they shall reach us.

For the reasons indicated, we adhere to our view and holding that the mandamus and injunction should be denied. The motion for rehearing is therefore overruled, and the temporary restraining order and the order continuing it in effect are dissolved and annulled.

Motion overruled.

JENKINS, J. (dissenting). I dissent from the judgment of this court overruling the motion for a rehearing, for the following reasons:

(1) The right to have a writ of garnishment, upon the ground that the plaintiff has obtained a judgment against the defendant in the main suit, means that he has obtained a final judgment in such cause.

(2) A judgment is not final until the time for perfecting an appeal therefrom has expired. The time for such appeal had not expired when the garnishment was sued out herein.

(3) No judgment, except by default, can properly be rendered without some evidence to support it. The evidence necessary to support a judgment in garnishment is the judgment against the principal debtor. Where such judgment has been rendered, the court will take judicial cognizance of the same, but if an appeal has been taken from such judgment, the court will also take judicial cognizance of that fact, which fact so far suspends the judgment against the principal debtor that it cannot be considered in evidence. Railway Co. v. Jackson, 85 Tex. 608, 22 S. W. 1030; Waples-Platter Co. v. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; Dodson v. Hardware Co., 162 S. W. 954; Van Natta v. Van Natta, 200 S. W. 907.

The effect of each of these cases is to hold, where a judgment has been appealed from by either a cost bond or affidavit in lieu thereof, or by a supersedeas bond during the pendency of such appeal, this "deprives the judgment of that finality of character necessary to entitle it to admission in evidence, in support of the right or defense declared by it." The only exception to this rule is where such judgment is a link in the title of a third party, who has purchased under execution issued on such judgment, when no supersedeas bond was given. This exception is by force of the statute. I am unable to differentiate these cases from the instant case, in so far as the application of this principle is involved.

The judgment in the garnishment proceeding is ancillary to the judgment in the main case, and must stand or fall with it. Bergman v. Bank, 141 S. W. 154; Townsend v.

Fleming, 64 S. W. 1006, and authorities there cited; Studebaker v. Gerlach, 192 S. W. 548.

The view which I take of this case renders it unnecessary for me to express an opinion as to the effect of the writ issued by the clerk of the trial court, recalling the writ of garnishment, or as to whether the judgment in garnishment is a final judgment.

The enforcement of the judgment in the ancillary case is, in effect, the enforcement of the judgment in the main case, and is, I think, therefore, an invasion of our jurisdiction to determine on appeal of such judgment whether or not the same shall be enforced.