# Supreme Court of Texas

No. 23-0272

Mary Louise Serafine,

*Petitioner*,

v.

Karin Crump, in Her Individual and Official Capacities as
Presiding Judge of the 250th Civil District Court of Travis
County, Texas; Melissa Goodwin, David Puryear, and Bob
Pemberton in Their Individual and Official Capacities as Former
Justices of the Third Court of Appeals at Austin, Texas,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

**PER CURIAM**

This procedural matter presents a definitional question that has
divided our courts of appeals: when a party appeals a trial court's
judgment or order in a "civil action," does that party "commence" a new
civil action, or is the same civil action now "pending" in the court of
appeals?  We answer that filing a notice of appeal—or later, a petition
for review—does not commence a new civil action; it transfers
jurisdiction over the same civil action, which is now pending in an

appellate court for its review of the judgment. *See Sanders v. Boeing Co.*, 680 S.W.3d 340, 356 (Tex. 2023); *Tex. Trunk R.R. v. Jackson*, 22 S.W. 1030, 1031-32 (Tex. 1893), *overruled on other grounds by Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex. 1986). Because the court of appeals here held otherwise, we reverse.

Petitioner is a self-represented plaintiff whom a trial court found to be a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code. To be found a vexatious litigant, (1) the defendant must show there is no reasonable probability the plaintiff will prevail in the current litigation, and (2) among other options, the plaintiff must have in the past seven years "commenced, prosecuted, or maintained at least five *litigations* as a pro se litigant other than in a small claims court that have been," as relevant here, "finally determined adversely to the plaintiff." TEX. CIV. PRAC. & REM. CODE § 11.054(1)(A) (emphasis added). Our question concerns the second requirement, and particularly the statute's definition of "litigation," which "means a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2). A plaintiff found to be a vexatious litigant must furnish security to continue his or her suit and may be prohibited from filing future suits without court permission. *Id.* §§ 11.055, 11.101.

Petitioner filed an interlocutory appeal of the trial court's orders declaring her a vexatious litigant, *see id.* § 11.101(c), and the court of appeals affirmed. 665 S.W.3d 93, 119-20 (Tex. App.—Austin 2023). On the issue we address, the court of appeals held that each of the following proceedings counted as a separate prior "litigation" for purposes of Section 11.054(1)(A): (1) petitioner's partially unsuccessful appeal to a

2

Texas court of appeals of a final judgment in a civil action;[1] (2) her unsuccessful petition for review of that court of appeals judgment and motion for rehearing in this Court; (3) her unsuccessful petition for writ of mandamus in the court of appeals concerning earlier trial court rulings in the dispute; (4) a civil action she filed in federal district court that was dismissed for lack of subject-matter jurisdiction; (5) petitioner's unsuccessful appeal of that dismissal to the Fifth Circuit;[2] and (6) her unsuccessful petition for writ of mandamus in the Fifth Circuit. *See id.* at 110-19.

There is growing disagreement among our courts of appeals—and inconsistency within some courts of appeals—regarding how to count "litigations." Like the court of appeals in this case, another court has held that "appeals and original proceedings filed by a litigant are included in the number of proceedings to be counted against a litigant." *Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 751 (Tex. App.—El Paso 2017, no pet.) (counting six "litigations" where plaintiff filed "three interlocutory appeals" and "three original proceedings" from

---

[1] *Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *8 (Tex. App.—Austin May 19, 2017, pet. denied) (reversing and remanding in part for further proceedings regarding petitioner's request for fees and sanctions). Petitioner did not argue in the court of appeals that this property-dispute litigation was not finally determined "adversely" to her. Accordingly, we assume without deciding that it was. In addition, the trial court's eventual final judgment in this civil action was not counted as a separate litigation. Under our decision today, the civil action in the trial court, on appeal to the court of appeals, and on petition for review to this Court are part of the same "litigation," and that litigation may be counted as long as it was "prosecuted or maintained" during the seven-year period. Accordingly, as explained below, we count these proceedings as a single "litigation."

[2] *Serafine v. Crump*, 800 F. App'x 234 (5th Cir. 2020).

the same civil action). But a different court has held that "[a]n appeal of a judgment in a civil action is not a separate 'litigation' as that word is used in Chapter 11." *Goad v. Zuehl Airport Flying Cmty. Owners Ass'n*, No. 04-11-00293-CV, 2012 WL 1865529, at \*3 n.3 (Tex. App.—San Antonio May 23, 2012, no pet.).[3] And at least one court has looked to the subject matter of the mandamus petition to determine whether it counts separately. *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.).

We need not address how to count mandamus petitions to decide this case. Assuming without deciding that the court of appeals was correct to count these particular mandamus petitions as separate "litigations," we conclude that an appeal and a petition for review from a judgment or order in a civil action are part of the same civil action and count as a single "litigation."[4] The court of appeals therefore erred in counting items (2) and (5) separately in the list above. Accordingly, petitioner maintained at most four litigations that were determined adversely to her, so she does not meet the requirements to be found a vexatious litigant under Section 11.054.[5]

---

[3] *But see In re Est. of Aguilar*, No. 04-16-00504-CV, 2018 WL 1176649, at \*1 (Tex. App.—San Antonio Mar. 7, 2018, no pet.) (counting as litigations "eight matters—comprising civil actions, appeals, and original proceedings").

[4] In addition, because the denial of a petition for review is not a ruling on the merits, its denial alone is not an adverse determination. *See Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006).

[5] In its thorough opinion, the court of appeals held that various other proceedings did not qualify as "litigations," and we accept those holdings for purposes of our analysis without reviewing them. Serafine also raises laches as a defense to her designation as a vexatious litigant. We agree with the court of appeals that laches does not apply. *See* 665 S.W.3d at 119.

As we have said, Section 11.001(2) defines "litigation" as "a civil action commenced, maintained, or pending in any state or federal court." TEX. CIV. PRAC. & REM. CODE § 11.001(2). The court of appeals viewed this language as "suggest[ing] that leaving one court for another leads to a new 'litigation.'" 665 S.W.3d at 116. But what matters under this definition is not whether a proceeding is taking place in a different court—it may be in "any court." Instead, the question is whether the proceeding "commences" a new civil action or "maintains" the original one. In other words, an appeal to an intermediate appellate court and a petition for review to a supreme court are within the same "litigation" if they are a part of the same "civil action" that is simply "pending" in different courts.

A long and unbroken line of our precedent answers this question clearly and unequivocally: an appeal is simply the "continuation of the action in suit brought in the trial court." *United N. & S. Oil Co. v. Meredith*, 258 S.W. 550, 554 (Tex. Civ. App.—Austin 1923), *aff'd*, 272 S.W. 124 (Tex. Comm'n App. 1925, judgm't adopted); *see Sanders*, 680 S.W.3d at 356 ("[I]t is the settled law that an appeal . . . operates to continue a pending suit . . . ." (quoting *Dignowity v. Fly*, 210 S.W. 505, 506 (Tex. 1919))); *Tex. Trunk R.R.*, 22 S.W. at 1031-32 (proclaiming the "settled rule in this state" that a "proceeding instituted [by appeal or writ of error] is but the continuation of the action or suit brought in the trial court"); *Hickcock v. Bell*, 46 Tex. 610, 613 (1877) ("A writ of error is treated in this State as a continuation of . . . the proceedings in a suit.").

Nothing in the statute signals that the Legislature intended to depart from this settled meaning of the terms it used. *See Amazon.com,*

5

*Inc. v. McMillan*, 625 S.W.3d 101, 106-07 (Tex. 2021). Nor does the statute provide clear notice that a person's rights to petition and to open courts can be dramatically curtailed based on how many times she seeks appellate review of a judgment or order in a civil action. *See* TEX. CONST. art. I, §§ 13, 19, 27.

Because an appeal and a petition for review continue the action brought in the trial court, they do not count as separate "civil actions" and thus separate "litigations" under Section 11.054. Petitioner therefore did not have five prior litigations determined adversely to her, which the statute required for petitioner to be found a vexatious litigant on this record. Pursuant to Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, render judgment denying the motions to declare petitioner a vexatious litigant, and remand the case to the trial court for further proceedings.

**OPINION DELIVERED:** June 21, 2024