## CITY NAT. BANK OF COMMERCE OF WICHITA FALLS v. SCRIVENER.
### (No. 6425.)

(Court of Civil Appeals of Texas. Austin. June 6, 1923. On Motion for Rehearing, July 6, 1923. Rehearing Denied Jan. 16, 1924. Writ of error granted March 5, 1924.)

On Motion for Rehearing.

Appeal and error &#9997;145—Appellate court, reversing judgment against garnishee because of reversal against principal defendants, will affirm judgment against garnishee, when judgment against principal defendants is affirmed on rehearing.

Where the appellate court, by reason of reversal of judgment against defendants in principal suit, reversed a judgment against the garnishee, but on rehearing of the principal case reaffirmed judgment against principal defendants, it will affirm the judgment against the garnishee.

Error from District Court, Travis County; Ireland Graves, Judge.

Garnishment proceeding by Charles P. Scrivener against the City National Bank of Commerce of Wichita Falls, as garnishee of the Cordell Petroleum Company and others. Judgment for plaintiff, and garnishee brings error. Affirmed.

R. H. Ward, of Houston, for plaintiff in error.

Dougherty & Dougherty and H. S. Bonham, all of Beeville, for defendant in error.

KEY, C. J. This case is brought to this court by writ of error by the City National Bank of Commerce of Wichita Falls, Tex., garnishee, to reverse a judgment of the district court of Travis county, rendered against the bank as garnishee, on September 21, 1921, in favor of Charles P. Scrivener, for the sum of $5,000.62. The garnishment proceeding was predicated upon a judgment rendered by the same court on the 29th day of May, 1920, in favor of C. P. Scrivener and W. B. Wortham, and against the Cordell Petroleum Company and other defendants, for the sum of $22,851. In addition to the moneyed judgment for $22,851 rendered in the main case,

the court rendered judgment in favor of the plaintiffs Scrivener and Wortham, canceling certain deeds to certain tracts of land, but that feature of that case is immaterial in this case.

The judgment in the garnishment proceeding, from which the City National Bank of Commerce, the garnishee, is prosecuting this writ of error, is based upon the fact that the plaintiff had obtained a moneyed judgment against the defendants, and that the garnishee was indebted to the Cordell Petroleum Company, one of the defendants in the main case. The defendants in the main case have prosecuted an appeal to this court, and we have rendered a judgment reversing the moneyed judgment obtained in that case against the Cordell Petroleum Company, and, as we take judicial knowledge of that fact in this case, it becomes our duty to reverse the judgment against the garnishee. That judgment is based upon the fact that the plaintiffs have a judgment against the Cordell Petroleum Company, and as this court, on the same day that the judgment was rendered in this proceeding, has reversed and set aside that judgment, it would constitute fundamental error to permit the judgment against the garnishee to remain in force.

Therefore the latter judgment is reversed, and judgment here rendered for the plaintiff in error, City National Bank of Commerce, of Wichita Falls, Tex., without prejudice, however, to the right of plaintiffs to sue out another writ of garnishment, if, upon another trial, they should obtain a moneyed judgment against any of the defendants in the main suit.

Reversed and rendered.

On Motion for Rehearing.

On June 8, 1923, this court reversed and rendered the judgment in this case. Our reason for rendering that judgment, as shown by the opinion then filed, was the fact that this court had reversed and remanded cause No. 6343, R. L. Durham et al. v. Chas. P. Scrivener et al., 259 S. W. 606, in which the plaintiff Scrivener had obtained a moneyed judgment against the Cordell Petroleum Company, and, as the writ of garnishment sued out in this case was based upon that judgment, when it was reversed, it necessarily followed that the garnishment suit must also be reversed. This court has granted a rehearing in that case, and has affirmed the moneyed judgment against the Cordell Petroleum Company, and as the garnishee, the City National Bank of Commerce of Wichita Falls, the plaintiff in error in this proceeding, confessed its liability to the Cordell Petroleum Company, and as that judgment is now affirmed by this court, it follows that the judgment in this case should also be affirmed.

In conclusion, we deem it proper to say

&#9997;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that Mr Justice BLAIR and the writer adhere to the ruling of this court in Durham et al. v. Scrivener et al., 228 S. W. 282, in which Mr. Justice BRADY wrote the majority opinion, holding that the judgment in this case was a final judgment, in the sense that it could be appealed from, and Mr. Justice JENKINS filed a dissenting opinion upon that question.

Appellee's motion for a rehearing is granted, and the judgment of the court below is affirmed.

Motion granted. Judgment affirmed.