THE TEXAS TRUNK RAILWAY COMPANY v. THE STATE OF TEXAS.

No. 3540.

1. **Receivership Upon Dissolution of Railway Corporation.**—The statute (Sayles' Civ. Stats., art. 4098i, secs. 1 and 6) in proceedings by the State against a corporation, upon the court finding that the corporation has been guilty of acts which require a forfeiture of its privileges as a corporation, requires that "a judgment of ouster from the franchise shall be entered and that costs shall be adjudged." This does not deprive the District Court of the power to enter any order necessary to give effect to the general judgment required in such cases.

2. **Same.**—Although not a creditor of a corporation dissolved, the State in the interest of the public may apply for the appointment of a receiver of the defunct corporation; and an appointment of such receiver was properly made on application of the State upon a judgment of forfeiture entered against a railway corporation.

3. **Case Adhered to.**—Railway v. The State, 75 Texas, 434, adhered to.

4. **Conflicting Receiverships.**—It was urged against the action of the trial court in appointing a receiver of the railway company dissolved, that a receiver had previously been appointed by the United States court of the jurisdiction. It not appearing at what time the proceedings were begun in which the action by the United States court had been taken, the action of the trial court can not be held erroneous.

APPEAL from Ellis. Tried below before Hon. ANSON RAINEY.

The opinion states the case.

*Lafayette Fitzhugh* and *Watts & Aldredge,* for appellant.—1. In a proceeding by information in the nature of a quo warranto against a private corporation seeking a judgment of ouster from its franchises, on any of the grounds specified in article 4098i, section 1, Sayles' Civil Statutes, the only judgment that can be rendered against such corporation is ouster from its franchises, fine, and costs. No receiver, in such strict legal proceeding, can be appointed for the corporation at the instance of the State. Sayles' Civ. Stats., art. 4098i, secs. 1, 5; Id., arts. 1337, 5246, 4247, 4247a, secs. 2, 4; Const., art. 10 secs. 5, 6; Hall v. Jackson, 3 Texas, 305; Chrisman v. Miller, 15 Texas, 161.

2. The information in this case shows no grounds authorizing the appointment of a receiver at the instance of the State. There are no allegations that the State is a creditor of appellant, or holds any claim against its property whatever. Carter Bros. v. Hightower, 79 Texas, 135; Crowder v. Moore, 52 Ala., 220.

3. Upon judgment of ouster against the corporation, the railway and other property vests in the stockholders, subject to the claims of creditors, and the State has no right to or claim upon the property, and no right to have a receiver appointed. Railway v. Delamore, 114 U. S., 501.

4. A receiver having been duly appointed by a court of competent jurisdiction prior to the trial of this case, and which being duly shown and established upon the trial, it was error for the court to appoint J. H. Gaston receiver for appellant's railway and other property. Railway v. Lewis, 81 Texas, 1; High on Receivers, sec. 126; Stovin v. Waddell, 2 Sandf. Ch., 505; Van Alstyne v. Cook, 25 N. Y., 496; Skinner v. Maxwell, 68 N. C., 400; Butter v. Tallis, 5 Sandf., 610; Maynard v. Bond, 67 Mo., 216; Beach on Receivers, sec. 200.

*C. A. Culberson,* Attorney-General, and *W. J. J. Smith,* Assistant, for the State.—1. It is the duty of a railway corporation to start and safely run its cars for transportation of passengers and property at regular times over its whole line, and to furnish sufficient and proper accommodation for that purpose, and to keep its roadbed, track, bridges, and rolling stock in safe and good condition. When from misuse, abuse, or non-use of its franchises or property it is rendered unable, or fails, neglects, or refuses to perform such duties, it forfeits its charter, and the State has a right to a decree forfeiting its corporate rights. Const., art 10, sec. 1; Const., art. 4, sec. 22; Sayles' Civ. Stats., art. 4226; Railway v. Morris, 67 Texas, 700; Railway v. The State, 75 Texas, 434; State v. Railway, 24 Texas, 81; High on Ex. Leg. Rem., sec. 648; 3 Wood on Rys., sec. 499; State v. Railway, 29 Am. and Eng. Ry. Cases, 440; Taylor on Corp., 459; Angell & Ames on Corp., sec. 776, and cases cited; The People v. Turnpike Co., 23 Wend., 193; Attorney-General v. Railway, 6 Iredell, 461; The State v. Turnpike Co., 8 R. I., 182; Railway v. The State, 3 Wall., 210; 1 Beach on Corp., p. 103; 2 Mora. on Corp., sec. 1018.

It is also clear that the charter of the road beyond Cedar was properly forfeited. Sayles' Civ. Stats., arts. 4278, 4278a; Bywaters v. Railway, 73 Texas, 624.

2. In a case where a railway corporation has been dissolved, or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights, a District Court rendering the decree of forfeiture can, in a proceeding by information in the nature of a quo warranto and to have a receiver appointed, instituted by the State through its Attorney-General, legally appoint a receiver at the instance of the State. Sayles' Civ. Stats., arts. 606, 1470i, 1461, subdiv. 3; Railway v. The State, 75 Texas, 434; The State v. Owens, 63 Texas, 261; Beach on Receivers, secs. 89, 329; 2 Mora. on Corp., sec. 1104; High on Ex. Leg. Rem.,

sec. 622; High on Receivers, sec. 307; The People v. Ice Co., 18 Abb. Prac., 382.

3.  In a proceeding in the nature of quo warranto, instituted in behalf of the State to forfeit the charter of a railway company and to have a receiver appointed, the State has such an interest in the preservation of the highway to the public as to entitle it, upon judgment of forfeiture and dissolution, to have a receiver appointed to take charge of the road and operate it and protect the interests of all concerned. Sayles' Civ. Stats., art. 1461; Const., art 10, sec. 2; The People v. Ins. Co., 8 Am. Dec., 243, and note; Taylor on Corp., secs. 475, 476, and cases cited; People v. Ins. Co., 15 Johns., 357; Munn v. Illinois, 94 U. S., 113; Commonwealth v. Bank, 28 Pa. St., 383; Stark v. Burk, 5 La. Ann., 740.

4.  Upon judgment of forfeiture of charter and dissolution of a railway corporation, the State has a right to provide the method of administration of its assets and to have a receiver appointed to administer its effects; but if none is appointed, that right is vested in the president and directors as trustees.  Sayles' Civ. Stats., art. 606; Relf v. Rundle, 103 U. S., 222; Rundle v. Life Assn., 4 Wood, 94; Parsons v. Ins. Co., 17 Am. and Eng. Corp. Cases, 124; 4 Am. and Eng. Encyc. of Law, 308; Railway v. The State, 75 Texas, 434.

5.  Where the State proceeds against a delinquent railway corporation by information and asks the appointment of a receiver, the relief of forfeiture of corporate rights and appointment of a receiver may be given in one decree.  That the judgment in such case contains the appointment of a receiver does not divest it of its final character.  Such a judgment settles the issues between the parties, and the subsequent proceedings are for the purpose of making the judgment effective by carrying it into execution.  Sayles' Civ. Stats., art. 606; Id., art. 1461, subdiv. 3; Gaston v. Boyd, 52 Texas, 286; Railway v. The State, 75 Texas, 434; Linn v. Arambould, 55 Texas, 623; McFarland v. Hall, 17 Texas, 690; Cannon v. Hemphill, 7 Texas, 195; Merle v. Andrews, 4 Texas, 200; 1 Black on Judg., secs. 41, 43.

6.  "A court in which a proceeding is filed showing clear ground for the appointment of a receiver thereby acquires jurisdiction not only of the controversy but also of the property over which the receivership is asked that will exclude all other courts of co-ordinate jurisdiction." Beach on Receivers, sec. 20; Railway v. Lewis, 81 Texas, 1; Trust Co. v. Railway, 6 Biss., 198; Gaylord v. Railway, 6 Biss., 286; Robinson v. Railway, 66 Pa. St., 160; High on Receivers, 1 ed., sec. 50; Id., 2 ed., sec. 47, et seq.

. STAYTON, Chief Justice.—As early as September 25, 1889, the State by the Attorney-General filed an information in the nature of a quo warranto for the purpose of having declared forfeited the fran-

chise conferred by appellant's charter granted by the laws of this State, with prayer for the appointment of a receiver, and a receiver was appointed, but on November 25, 1889, the order by which this was done was vacated on application of appellant.

The cause still pending, on July 28, 1891, the State in vacation renewed its application for the appointment of a receiver pending a hearing of the cause, and this application being heard in vacation was refused, on the ground that the court was without authority to appoint a receiver before final hearing of the cause on its merits; but on September 14, 1891, the cause was finally heard on its merits, when a judgment was rendered declaring a forfeiture of appellant's charter, dissolving the corporation, and appointing a receiver, and from that judgment this appeal is prosecuted.

No question is raised on this appeal as to the sufficiency of the averments of the information or as to the sufficiency of the evidence to sustain the judgment declaring the dissolution of the corporation and the forfeiture of its franchise, but it is claimed that the court had no power to appoint a receiver at the suit of the State, which is not shown to be a creditor of the company, and the assignments which present this question are as follows:

"1. The court erred in the judgment rendered, for that, this being strictly a case at law against said Texas Trunk Railway Company for ouster of its franchise and forfeiture of its charter as a railway corporation, there was no authority in law for the appointment of a receiver by this court for the railway and other property of said Texas Trunk Railway Company.

"2. The court erred in appointing John H. Gaston receiver for the railway and other property of said Texas Trunk Railway Company, for that there are no pleadings in the case which would authorize or warrant the court in appointing a receiver for the railway and other property of said company.

"3. The court erred in appointing a receiver for said railway and other property of said company, for that the statute prescribes the judgment to be rendered, to-wit, ouster from franchise, fine, and costs, and no other or further judgment could be rendered in the case.

"4. The court erred in appointing a receiver for said railway and other property of said company, for that the record shows that Charles Dillingham had previously been duly appointed receiver for the railway and other property of said Texas Trunk Railway Company, by the Circuit Court of the United States for the Fifth Circuit, in a certain cause pending in said court for the Northern District of Texas, at Dallas, and that he had duly qualified as such receiver."

It is claimed, that as this is a proceeding under the statute regulating proceedings in quo warranto, it is a proceeding strictly at law, and that for this reason the court had no power to appoint a receiver, but was

restricted to the judgment which that statute declares shall be entered in all cases in which it is found that a corporation has been guilty of acts which require a forfeiture of its privileges as a corporation. That statute requires that a judgment of ouster from the franchise shall be entered, and that costs shall be adjudged. Sayles' Civ. Stats., art. 4098i, secs. 1, 6.

This statute does not deprive a court of the power to enter any judgment necessary to give affect to the general judgment which it is made the duty of the court to enter in such cases, and the fact that a court of law may not have power to appoint a receiver in the absence of statutory authorization can have no force in this State, where the District Courts have the jurisdiction possessed by courts of chancery as well as by courts of law; but were this not so, in order to determine the power of the court to appoint a receiver in this case we are not to confine ourselves to the particular statute under which this action was brought, but must look to other statutes having a bearing on the same question; for if there be other statutes which recognize the power of a District Court to appoint a receiver in a case like this, it is unimportant that it is not found in the statute providing for the institution and maintenance of actions such as this.

Article 606 of the Revised Statutes provides, that "upon the dissolution of any corporation already created by or under the laws of this State, unless a receiver is appointed by some court of competent authority, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known, shall be trustees of the creditors and stockholders of such corporation," etc.

The fourth section of the act requiring the Attorney-General to institute suits to restrain railway and other corporations from doing business in violation of sections 5 and 6 of article 10 of the Constitution, provides that the court trying the cause shall enter such decree as will perpetually enjoin such violation, "and to the end of carrying into effect such constitutional provision, may appoint a receiver to take charge of the affairs of the corporation," etc.    Gen. Laws 1885, p. 66.

The Act of April 2, 1887 (Gen. Laws, p. 119), declares, "that a receiver may be appointed by any judge of a court of competent jurisdiction in this State, in the following cases: * * * 3. In cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." The former sections of this act made provision for the appointment of receivers when necessary for the protection of creditors, and they determine upon whose action receivers shall be appointed, while the section above quoted does not.

The statute first above referred to has application to private corporations generally, and while it may not have direct application to rail-

way corporations, it recognizes the power of the courts to appoint receivers in all cases in which corporations are dissolved.

The second statute from which quotation is above made applies to railway corporations, and contemplates that receivers may be appointed whenever the directory of a corporation have used the franchise in violation of the provisions of the Constitution; and the last statute from which quotation is made has application to corporations of every character, and the fact that it does not limit the power to appoint, as do the former sections of the act, to cases in which this is asked by creditors or others having a direct pecuniary interest in the subject matter to which the receivership will relate, evidences an intention to confer upon the courts the power to appoint receivers in all cases to which the law applies whenever the interest of individuals or public interest may require this to be done.

The power of the court adjudging the forfeiture of a corporate franchise and the dissolution of the corporation to appoint a receiver is too clear; and although the State may not be a creditor the public has such an interest in the proper management of the property of a dissolved railway company as makes it proper that a receiver should be appointed to manage and control its property, to the end that it shall be faithfully applied to the public purpose for which the corporation was originally created; and that this should be done is the more apparent when the mismanagement or disregard of duty on the part of the governing body of a railway corporation has been such as to require its dissolution.

The question of the power of a court to appoint a receiver in an action brought by the State to forfeit the franchise of a railway company was considered in Railway v. The State, 75 Texas, 434, and we do not think that the grounds on which this relief may be asked and granted in any way affects the power of the court.

We have before stated the time when this action was instituted, seeking among other things the appointment of a receiver, as well as the times when the several steps looking to that end were taken, and it is now urged that the court erred in appointing a receiver, because at the time the appointment was made the Circuit Court of the United States for this circuit had appointed a receiver who had qualified. All that appears in the record in relation to the appointment of a receiver by the Circuit Court of the United States is, that on September 4, 1891, the judge of that court, in chambers, but in a cause pending in that court, appointed Charles Dillingham receiver for railway and other property belonging to appellant; that this order was entered on the minutes of that court on the 7th of the same month, and that on the 12th of the month Dillingham qualified by giving the bond prescribed by the order and taking the necessary oath.

It does not appear when the suit in which Dillingham was appointed was instituted, and under this state of the record we can not hold that it was error for the court to appoint a receiver because the Circuit Court of the United States had appointed one, nor would it be proper for this court, with the parties now before it, to determine which of the receivers was entitled to the possession and control of the property.

We find no error, and the judgment will be affirmed.

*Affirmed.*

Delivered January 15, 1892.