**VANSCOT CONCRETE COMPANY,
Petitioner,**

v.

**Wallace BAILEY, Jr., Respondent.**

**No. D–3377.**

Supreme Court of Texas.

May 19, 1993.

Michael W. Minton, Daniel L. Bates, and Robert B. Wagstaff, Fort Worth, for petitioner.

Don Prager and David Osborn, Fort Worth, for respondent.

PER CURIAM.

This case presents the question of whether a corporation which has ceased to exist under law may appeal a trial court's judgment against that corporation. The court of appeals dismissed the appeal on the grounds that a nonexisting appellant cannot appeal. 843 S.W.2d 193 (1992). We reverse and remand to the court of appeals for consideration of the appeal.

On July 2, 1986, Vanscot Concrete Company was merged into Tarmac Texas, Inc. The articles of merger were properly filed with the secretary of state's office. Three months later, Wallace Bailey, Jr. was injured when contaminated concrete, being poured to form a foundation, splashed on his leg and burned it. The concrete had been delivered by a truck bearing the name "Express Pennington." It is undisputed that prior to the merger, Vanscot was doing business as "Express Pennington" and had filed assumed name certificates with the county clerk. It is also undisputed that after the merger, the new company, Tarmac Texas, acquired the name "Express Pennington", but did not update the county clerk's assumed name certificate record as is required by Tex.Bus. and Comm.Code § 36.12 (Vernon 1987).

Bailey sued Vanscot. Vanscot filed an answer generally denying Bailey's petition. Over two years later, but a year before the date set for trial, Vanscot filed an amended answer and for the first time denied Vanscot's corporate existence. Vanscot then brought a motion for summary judgment which disclosed its merger into Tarmac Texas. The trial court denied Vanscot's motion. The case was tried before a jury which found in favor of Bailey. Vanscot perfected its appeal.

On appeal, Vanscot urged that as a matter of law it was not liable to Bailey because it did not exist and was not doing business as "Express Pennington" on the date of the accident. The court of appeals agreed. 843 S.W.2d at 194. However, the court went on to hold that, therefore, Vanscot was not an aggrieved party under the judgment. The court then dismissed the appeal without addressing Vanscot's points of error.

We disagree with the court of appeals' analysis, conclusion and disposition. Vanscot has the right to appeal the trial court's judgment against it irrespective of its existence. In *Texas Trunk Co. v. Jackson,*[1] an adverse judgment was recovered against Texas Trunk Company and its sureties after the corporation's charter had been forfeited. 85 Tex. 605, 22 S.W. 1030 (1893). On appeal, the plaintiff alleged that because Texas Trunk's charter had been forfeited, it did not exist and could not appeal the judgment. We disagreed, holding that corporations have the same right to have judgments against them revised by the appellate courts as have persons, and that even extinguished corporations are entitled to a hearing before the appellate courts. *Id.,* 22 S.W. at 1032; *see also Texas Trunk Co. v. State ex rel. Hogg,* 83 Tex. 1, 18 S.W. 199 (1892) (a corporation may appeal a judgment in which its charter is declared forfeited).

We note that *Texas Trunk* expressly did not decide the issue of whether another judgment could be appealed where the forfeiture judgment was *not* also on appeal, as was the fact in that case. However, the reasoning for allowing a corporation which has ceased to exist to prosecute an appeal is applicable in any circumstance. Because Vanscot was entitled to bring an appeal,

---

1. *Texas Trunk* has been overruled on other grounds not at issue in this case. *See Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1987).

*Texas Trunk* is still valid on the point at issue here.

the court of appeals erred in dismissing the appeal and failing to address the merits.

Pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of this court grants Vanscot's application for writ of error, reverses the judgment of the court of appeals, and remands this case to that court for consideration of Vanscot's points of error.