

**NUMBER 13-06-00515-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

SOUTHERN STONE PROPERTIES, INC.,                                  **Appellant,**

**v.**

ROBERT A. TORRES, SR. D/B/A
BOB TORRES PROPERTIES,                                          **Appellee.**

---

**On appeal from the 357th District Court of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Southern Stone Properties, Inc. ("Southern Stone Properties"), appeals

from a judgment not withstanding the verdict in favor of Robert A. Torres, Sr. d/b/a Bob

Torres Properties ("Torres"), appellee. We affirm.

### I. BACKGROUND

Southern Stone Properties signed a commercial real estate listing agreement with

Torres in June 2002. The term of the agreement was from August 2, 2002 to February 2,

2004. The agreement called for a six percent broker's fee and a listing sales price of $3,250,000. The agreement was signed by Rafaela Sauceda, as a representative of Southern Stone Properties, Inc., and Elizabeth Vera, as the agent for Bob Torres Properties. The agreement had no language as to termination; however, it provided for exclusivity, stating, "Seller agrees to . . . not enter into a listing agreement for the sale or exchange of the property with another broker to become effective during the term of this Listing." The contract stated the broker's fee was payable upon the seller's breach of the listing agreement. The contract also stated that all notices between parties under this listing must be in writing and would be effective when hand-delivered, mailed, or sent by electronic transmission.

In December 2002, Southern Stone Properties sent, via fascimile, a letter to Torres terminating the listing agreement. The correspondence was signed by Sauceda. It was not signed by anyone from Bob Torres Properties. In April 2003, Southern Stone Properties entered into another commercial real estate agreement with a different agent. The property sold in February 2005. Torres filed suit alleging breach of contract. A jury trial was held, and the jury found that Southern Stone Properties did not breach the agreement. Torres filed a motion for judgment notwithstanding the verdict, which the trial court granted. The trial court entered a judgment in favor of Torres for the amount of $195,000 and awarded attorneys' fees in the amount of $50,000.

By its sole issue, Southern Stone Properties argues that the trial court abused its discretion by disregarding the jury verdict and entering a judgment in favor of Torres. Torres argues that the appeal should be dismissed because Southern Stone Properties forfeited its corporate charter and because the notice of appeal is defective.

## II. Dismissal

### A. Forfeiture of the Corporate Charter

We first address Torres's requests to dismiss this appeal. In both its brief before this Court and in its "Motion to Dismiss the Appeal for Lack of Corporate Authority and Failure to Prosecute,"[1] which was carried with this appeal, Torres argues that sections 171.252 and 171.253 of the Texas Tax Code call for a dismissal of the case. *See* Tex. Tax Code Ann. §§ 171.252-.253 (Vernon 2008). These sections provide that, if a corporation does not pay its corporate franchise taxes, its corporate privileges are forfeited, and the corporation is denied the right to sue or defend in a court of this state. *See* Tex. Tax Code Ann. §§ 171.252-.253 .

The judgment was signed on August 2, 2006. No motion to dismiss was filed in the trial court based upon Southern Stone Properties' forfeiture of its corporate privileges. On October 27, 2006, Torres filed with this Court a Motion to Dismiss the Appeal and provided the Court with a certified copy of the Texas Secretary of State's order demonstrating that Southern Stone Properties forfeited its corporate charter on February 10, 2006. Torres argues that the forfeiture is grounds for the dismissal, but notes that there is no caselaw supporting this argument. In reality, the caselaw states that it is not grounds for dismissal.

The Texas Supreme Court has held that a corporation has the same right as individuals to have a judgment against it reviewed by the appellate courts and that even

---

[1] In its "Motion to Dismiss the Appeal for Lack of Corporate Authority and Failure to Prosecute," Torres also argues for dismissal on failure to prosecute grounds, specifically asserting that Southern Stone Properties failed to prosecute this appeal by not timely filing the clerk's record. *See* Tex. R. App. P. 37.3, 42.3. Torres contends, "[t]he clerk's record in this case was originally due on October 2, 2006 . . . . [Southern Stone Properties] was given ten days from the receipt of notice to cure the defect and has failed to do so." The notice contained in the record in this Court indicates that, on October 18, 2006, Southern Stone Properties was notified that it had until October 31, 2006 to file the clerk's record. The clerk's record was filed with this Court on October 30, 2006. We deny Torres's motion to dismiss on grounds of Southern Stone Properties' failure to prosecute.

extinguished corporations are entitled to a hearing before the appellate courts. *Vanscot Concrete Co. v. Bailey*, 853 S.W.2d 525, 526-27 (Tex. 1993) (per curiam). A corporation that has ceased to exist can nevertheless appeal a trial court's judgment against it. *Cruse v. O'Quinn*, 273 S.W.3d 766, 770-71 (Tex. App.–Houston [14th Dist.] 2008, pet. denied) (permitting a corporation to appeal an adverse judgment, when the appeal arose after its corporate charter was forfeited and the appellant was not seeking affirmative relief). We will not dismiss the appeal based on the forfeiture of Southern Stone Properties' corporate charter.

## B.    Defective Notice of Appeal[2]

Torres also argues that we should dismiss because the notice of appeal did not state the court to which the appeal would be taken. Tex. R. App. P. 25.1(b), (d)(4). A court of appeals has jurisdiction over an appeal when the appellant files an instrument that is a bona-fide attempt to invoke appellate court jurisdiction. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam).

The Texas Supreme Court has reaffirmed the policy that the decisions of the court should turn on substance rather than procedural technicality. *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991) (per curiam). Because Torres has failed to establish that he was disadvantaged by Southern Stone Properties' error, the appeal should not be defeated on a technical construction of the rules. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto Dealers Ass'n*, 1 S.W.3d 108, 112 (Tex. 1994). This Court has jurisdiction over the appeal in spite of Southern Stone Properties' failure to

---

[2] In its "Motion to Dismiss the Appeal for Lack of Corporate Authority and Failure to Prosecute," Torres also argues that we lack jurisdiction to hear this appeal because Southern Stone Properties, having forfeited its corporate charter before filing it notice of appeal, could not properly file a notice of appeal. Having already decided that Southern Stone Properties may pursue this appeal in spite of the forfeiture of its charter, we deny Torres's motion to dismiss on lack of jurisdiction grounds.

designate the court to which the appeal taken. *See* TEX. R. APP. P. 25.1(b); *see also Propes v. Dallas Casa Housing Ctr.*, No. 05-00-01101-CV, 2000 WL 1285609, at *1 n.1 (Tex. App.–Dallas Sept. 13, 2000, no pet.). We hold that the Court has jurisdiction over the appeal, and we decline to dismiss.

## III. STANDARD OF REVIEW

Southern Stone Properties argues that the trial court abused its discretion by disregarding a jury verdict and entering a judgment notwithstanding the verdict. We review a JNOV under a legal-sufficiency standard, viewing the evidence and inferences in the light most favorable to the jury's finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (stating that "the test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review"). We will sustain the granting of a JNOV based on "no evidence" when the record shows: (1) a complete lack of evidence of a vital fact; (2) the trial court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is not more than a scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362-63 (1960)); *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (holding trial court may grant JNOV if there is no evidence to support jury's finding on issue necessary to liability).

## IV. ANALYSIS

Southern Stone Properties argues that the trial court erred by granting Torres's JNOV, asserting that it properly terminated the contract when it faxed the termination letter to Torres. Torres argues that the termination letter, without more, was insufficient to

terminate the contract as a matter of law; therefore, the contract was still in force when Southern Stone Properties hired a third party to sell the property. We agree with Torres.

A contract providing a commission for the sale of real property must be in writing to satisfy the statute of frauds; otherwise, the contract is unenforceable. TEX. OCC. CODE ANN. § 1101.806(c) (Vernon 2004) (stating that to maintain an action to recover a commission for the sale of real estate, the agreement upon which the action is based must be in writing and signed by the party to be charged); *see also Lathem v. Kruse,* No. 05-08-00394-CV, 2009 WL 1887131, at *2-3 (Tex. App.–Dallas July 2, 2009, no pet. h.). Additionally, the modification or termination of such a contract must also be in writing. *See Columbia HCA of Houston, Inc. v. Tea Cake French Bakery & Tea Room*, 8 S.W.3d 18, 21 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (holding that the termination of a lease of real estate must be in writing) (citing *Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex. 1984); *Ertel v. O'Brien*, 852 S.W.2d 17, 22 (Tex. App.–Waco 1993, writ denied); *Kerrville HRH, Inc. v. City of Kerrville,* 803 S.W.2d 377, 389 (Tex. App.–San Antonio 1990, writ denied); *Vela v. Pennzoil Producing Co.*, 723 S.W.2d 199, 206 (Tex. –App.-San Antonio 1986, writ ref'd n.r.e.)).

The listing agreement was in writing and signed. The letter faxed from Southern Stone Properties to Torres terminating the agreement was not signed by Torres, even though it had a signature line for Torres. There is no evidence that Torres ever signed any agreement terminating the contract.

Because Torres did not sign the letter, it did not agree to the termination. Thus, the agreement was not terminated in December 2002, as argued by Southern Stone Properties. In fact, the agreement was still in force in April 2003 when, according to its own admission, Southern Stone Properties hired another agent to sell the property. Because

6

the agreement between Southern Stone Properties and Torres was to remain in effect until February 2004, and Southern Stone Properties breached the exclusivity clause of the contract, we conclude that the trial judge did not commit error by entering the JNOV.

## V. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 28th day of August, 2009.