

# NUMBER 13-11-00323-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SUNTIDE SANDPIT, INC., A TEXAS CORPORATION;
MIKE HURST, INDIVIDUALLY; PHIL HURST,
INDIVIDUALLY; AND ERMA STILLWELL,
DECEASED,                                                          Appellants,

## v.

H & H SAND AND GRAVEL, INC., A TEXAS
CORPORATION,                                                        Appellee.

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Wittig[1]
### Memorandum Opinion by Justice Wittig

---

[1]Retired Justice Don Wittig was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (West 2005).

This appeal stems from the trial court's grant of a summary judgment in favor of appellee, H & H Sand and Gravel, Inc. ("H & H"), a Texas corporation, against appellants, Suntide Sandpit, Inc. "(Suntide")), a Texas corporation, Mike Hurst, individually, Phil Hurst, individually, and Erma Stillwell, deceased. In four issues, appellants challenge the summary judgment granted against the three individual appellants as well as the summary judgment granted against Suntide. We reverse and remand.

## I. BACKGROUND

Appellee sued Suntide and the other appellants for breach of contract, breach of constructive trust, negligence, negligence per se, fraud and breach of constructive trust. The City of Corpus Christi was also a defendant but was dismissed following its plea to the jurisdiction in November 2006.[2] Beginning in 1999, appellee provided concrete and sand in connection with a construction project for the City of Corpus Christi. Although the City paid Suntide over $200,000, appellee contended that Suntide did not pay it a balance due of $57,251.07. Appellee brought suit in 2002. Suntide failed to pay franchise taxes and its corporate charter was forfeited on February 9, 2007. The charter was not reinstated. Appellee moved for summary judgment against only Suntide but all appellants responded to the motion. The trial court entered judgment against all appellants, jointly and severally, for $57,252.07 in actual damages plus

---

[2] The City's plea to the jurisdiction was the subject of two interlocutory appeals to this court. *See H & H Sand & Gravel, Inc. v. City of Corpus Christi*, No. 13-06-00677-CV, 2007 Tex. App. LEXIS 8878 (Tex. App.—Corpus Christi Nov. 8, 2007, pet. denied); *City of Corpus Christi v. H&H Sand & Gravel, Inc.*, No. 13-05-306-CV, 2005 Tex. App. LEXIS 10061 (Tex. App.—Corpus Christi Dec. 1, 2005, no pet.).

$300,000 in punitive damages for conversion of trust funds, negligence per se, and gross, willful and wanton acts constituting actual or constructive fraud, plus attorney's fees, and post judgment interest.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment under rule 166a(c) is proper when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When the trial court grants the judgment without specifying the grounds, we affirm the summary judgment if any of the grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Id.* at 549.

A party may move for summary judgment under rule 166a(i) on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 557 (Tex. 2005); *Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.). Unless the nonmovant produces summary judgment evidence raising a genuine issue of material

3

fact on the challenged elements, the court must grant the motion. TEX. R. CIV. P. 166a(i) & cmt. 1997; *Urena*, 162 S.W.3d at 548; *Duvall*, 82 S.W.3d at 477–78.

While appellee does not argue to us that its motion for summary judgment was brought under Texas Rule of Civil Procedure 166a(i), and indeed the motion itself does not specifically avail the rule, appellee's mention of the rule prompts us to observe that a motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment. *See Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 819 (Tex. App.—Corpus Christi 2009, pet. denied) (noting that if a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law and may be challenged for the first time on appeal); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (stating that a motion that fails to present grounds is legally insufficient as a matter of law).

Rule 166a(i) is clear in its requirement that the motion must state specifically the elements of the claim challenged, and the comment to the rule further provides that the "motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a cmt. 1997. We hold that appellee's motion for summary judgment does not meet the requirements for a no-evidence motion and will accordingly be treated as a traditional motion for summary judgment. *Id.*

### III. DISCUSSION

4

The gravamen of appellee's summary judgment motion rests on Suntide's forfeiture of its corporate charter. We first address the claims against the three individual appellants. Appellee sought to have individual liability imposed upon them by virtue of the Texas Tax Code's provision attributing personal liability in the event of the forfeiture of a corporation's charter. The code provides:

§ 171.255. Liability of Director and Officers

(a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

TEX. TAX CODE ANN. § 171.255 (West 2002).

The supreme court in *Schwab v. Schlumberger Well Surveying Corp.*, 198 S.W.2d 79 (Tex. 1946), construed a predecessor statute with provisions virtually identical in import to section 171.255. In that case, the officers of the corporation renewed and extended a promissory note after the corporation's privileges had been forfeited. *Id.* at 80. Discussing similar enactments of comparable statutes in other jurisdictions, the supreme court observed that such statutes, though held to be remedial in some instances, are also penal in nature and it is generally held that they must be strictly construed and cannot be extended beyond the clear import of their language. *Id.*

The language of the statute is concerned with the creation or incursion of debts by the corporation after the franchise report is delinquent. *See* TEX. TAX CODE ANN. § 171.255(a) (stating that a director or officer is liable for "each debt of the corporation that is created or incurred" after the date on which the report, tax, or penalty is due); *see*

5

*also* § 171.255(c) (stating that a director or officer is not liable if they show "debt was created or incurred" over director's objection or without director's knowledge). It is the act of creating or incurring a debt when the franchise report is delinquent that triggers personal liability once the corporate privileges are forfeited. *Paccar Fin. Corp. v. Potter*, 239 S.W.3d 879, 883 (Tex. App.—Dallas 2007, no pet.). "If no debts are created or incurred after the delinquency, there is no personal liability. Therefore, the date the corporate debt is created or incurred is crucial. We conclude the legislature intended that personal liability attaches only to those directors and officers of the corporation at the time the debt is created or incurred." *Id.* These directors and officers abused the corporate privilege by continuing to create and incur debts after the franchise tax is delinquent and are, therefore, "culpable." *Id.* (citing *Schwab,* 98 S.W.2d 79, 81) (prior version of statute intended to "prevent wrongful acts of culpable officers of corporation"); *see also First Nat'l Bank of Boston v. Silberstein*, 398 S.W.2d 914, 916 (Tex. 1966) ("[P]ersonal liability is determined by the acts of [the directors and officers] in consenting to and approving the debts of the corporation where knowledge of their creation is shown to have come to them in the regular course of business of the corporation."). Because appellee offered no proof that any debt was created or incurred after Suntide's charter was revoked in 2007, we hold the individual appellants are not personally liable under the tax code. *See* TEX. TAX CODE ANN. § 171.255(a); *see Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 423 (Tex. App.—Dallas 2012, no pet.) (holding that a debt was created or incurred after forfeiture of HSI's charter; therefore, officer and promoter was not individually liable under § 171.255).

6

Furthermore, section 171.255 does not apply to tort judgments predicated on negligence liability. *Williams v. Adams*, 74 S.W.3d 437, 442 (Tex. App.—Corpus Christi 2002, pet. denied). The rule of strict construction is applicable to a statute penal in nature, and as such, it should be strictly construed and must not be extended beyond the clear meaning of its language. *See Schwab*, 198 S.W.2d at 81; *Davis v. State*, 846 S.W.2d 564, 570 (Tex. App.—Austin 1993, no writ). Thus, construing the statute strictly in a manner that limits its application against the person upon whom the penalty is sought to be imposed, we held that section 171.255 cannot be used to impute personal liability to an officer or director of a corporation for a corporate debt when the "debt" at issue is a tort judgment based on negligence liability. *Williams,* 74 S.W.3d at 442.

With no citation to authority, appellee seems to argue that the individual directors are burdened by section 171.252(1), providing that if corporate privileges of a corporation are forfeited, the corporation shall be denied the right to sue or defend. *See* TEX. TAX CODE ANN. § 171.252 (West 2008). The plain language of the statute applies only to the corporation and the penalty to an officer or director under the forfeiture provision is to assign liability for corporate debt pursuant to section 171.255. *See id.* Appellee presented no evidence against the individual appellants on any of its other theories, and thus failed to sustain its summary judgment burden. *See* TEX. R. CIV. P. 166a. We sustain appellants' three issues challenging the summary judgment against Mike Hurst, individually, Phil Hurst, individually, and Erma Stillwell, deceased.

## IV. SUNTIDE

In their fourth issue, appellants assert the trial court erred in granting summary judgment against them for actual damages in excess of $43,200.10, plus exemplary

7

damages, attorney's fees and costs. First, we observe that summary judgment under rule 166a(c) is proper when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Johnson*, 891 S.W.2d at 644. It would appear to us that appellee relied almost exclusively upon tax code section 171.252(1) to justify its summary judgment. *See* TEX. TAX CODE ANN. § 171.252(1). The record before us indicates no evidentiary hearing on attorney's fees, punitive damages, or even actual damages allegedly suffered by appellee under its claims for conversion of trust funds, negligence per se, gross, willful and wanton acts constituting actual or constructive fraud, or negligence. Even assuming that Suntide could not defend against these claims after forfeiture of its charter, there are multiple fundamental problems with appellee's motion for summary judgment and the trial court's action in granting such motion without appellee having established its claims as a matter of law.

First, as appellants point out, appellee did not establish the existence of fraud. Nor did appellee provide proof that appellants were negligent, negligent per se, that they committed gross, willful or wanton acts, or converted trust funds, et cetera. Arguably, appellee proved its entitlement to breach of contract damages in the lesser amount of $43,200.10 because that sum was admitted by Suntide. Appellee's own pleadings showed a discrepancy concerning the contract damages amount allegedly owing between $57,251.07 and $47,213.73. An affidavit, not from Suntide, but from one of the individual defendants, indicated a credit was due to Suntide reducing the principal amount to $43,200.10. Thus, even the alleged contract damages of $57,251.07 were not established as a matter of law.

Whether or not Suntide has any ability to defend the lawsuit is problematic. First, the law is established that it may appeal. In *Bailey*, the supreme court held that a corporation that had ceased to exist could nevertheless appeal a trial court's judgment against it. *See Vanscot Concrete Co. v. Bailey*, 853 S.W.2d 525, 526–27 (Tex. 1993) (per curiam). The supreme court expressly disagreed with the court of appeals' dismissal of Vanscot Concrete's appeal on the grounds that a nonexisting corporate appellant cannot appeal. *See id.* The high court explained that "corporations have the same right to have judgments against them revised by the appellate courts as have persons, and that even extinguished corporations are entitled to a hearing before the appellate courts." *Id.* at 526 (citing *Tex. Trunk Co. v. Jackson*, 22 S.W. 1030, 1032 (Tex. 1893)). Although *Bailey* did not concern the specific tax code provision at issue here, our sister court concluded that the outcome should be no different when a corporate charter was forfeited. *See Cruse v. O'Quinn*, 273 S.W.3d 766, 770–71 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). As the supreme court broadly stated, "the reasoning for allowing a corporation which has ceased to exist to prosecute an appeal is applicable in any circumstance." *Bailey,* 853 S.W.2d at 526–27.

We observe that a number of cases in addition to *Cruse* recognize that section 171.252 does not prevent a corporation that has forfeited its corporate privileges from defending claims against it. *See Mello v. A.M.F. Inc.*, 7 S.W.3d 329 (Tex. App.—Beaumont 1999, pet. denied) (stating that, despite the clear language of § 171.252, the statute has historically been limited to prohibit defendants from bringing cross actions, not from merely defending lawsuits) (citing *Midwest Mech. Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 752 (5th Cir. 1986); *Bryan v. Cleveland Sand*

9

*& Gravel Co.*, 139 S.W.2d 612, 613 (Tex. Civ. App—Beaumont 1940, writ ref'd)); *see also Rimco Enters., Inc. v. Tex. Elec. Serv. Co.*, 599 S.W.2d 362, 364 (Tex. Civ. App.—Fort Worth 1980, writ ref'd.n.r.e.) (such a corporation may interpose a defense purely negative in character against a suit brought against it, and the plaintiff is still under the duty of establishing his cause of action, and the corporate defendant may offer proof which negates the plaintiff's case). We conclude that Suntide is not only entitled to appeal but can also interpose a defense purely negative in nature.

However, we further conclude that damages under appellee's claims were not liquidated. Even a default judgment does not establish allegations pertaining to unliquidated damages. *First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.—Corpus Christi 1983, no writ). "Unliquidated claims include damages for personal injuries, lost profits, consequential damages, exemplary damages, and reasonable attorney's fees." *Id.* The plaintiff must present evidence of unliquidated damages, and this evidence must be both competent and consistent with the cause of action plead*. Id.; see* TEX. R. CIV. P. 243. Again, appellee did not meet its burden of proof on its alleged damages. *See* TEX. R. CIV. P. 166a(c).

Suntide also argues appellee is not entitled to recover exemplary damages for breach of contract, citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). We agree. Furthermore, as appellants argue, exemplary damages require both a pleading and presentation of evidence to show the extent of any knowing conduct and that it was so egregious as to warrant exemplary damages. *See Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 872–73 (Tex. App.—Houston [1st Dist.] 1995, no writ). No such evidence was adduced here.

Finally, to support an award of exemplary damages, the trier of fact "shall consider evidence, if any," related to:  (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned;  (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the defendant.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.011(a) (West 2008).  The record does not disclose any evidence, hearing, or consideration by the trial court of these mandatory factors.[3]

Considering the multiple discrepancies in appellee's motion for summary judgment and its failure to establish its claims and damages with no genuine issue of material fact, we sustain appellants' fourth issue.

### V. CONCLUSION

We sustain appellants' four issues and reverse and remand.

Don Wittig
Justice

Delivered and filed the
19th day of July, 2012.

---

[3] The trial court did not award the proposed $5,000,000.00 each for exemplary damages and instead interlineated $300,000.00.

11