ACCEPTED
01-14-00931-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/31/2014 2:18:49 PM
CHRISTOPHER PRINE
CLERK

01-14-00931-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/31/2014 2:18:49 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

COUNTRY TITLE, L.L.C.

Appellant

V.

MORENIKE JAIYEOBA

Appellee

## APPELLANT'S RESPONSE TO
## APPELLEE'S MOTION TO DISMISS APPEAL

TO THE HONORABLE COURT OF APPEALS:

Appellant Country Title, L.L.C. ("Country Title") files this Response to Appellee Morenike Jaiyeoba's ("Jaiyeoba") Motion to Dismiss Appeal and would respectfully show this Court as follows:

**I.**
**Summary of the Argument**

The Texas Supreme Court and multiple intermediate appellate courts have consistently held that a corporation that has ceased to exist can pursue an appeal of a judgment. Jaiyeoba seeks a dismissal of Country Title's appeal based solely on

1

the erroneous contention that Country Title cannot pursue this appeal because it had its right to transact business forfeited pursuant to the Texas Tax Code §171.252. Appellee's motion is utterly without merit and contrary to well established case law.

## II.
## Argument & Authorities

In *Vanscot Concrete Co. v. Bailey,* the Texas Supreme Court held that *Vanscot*, irrespective of its existence, had the right to appeal the trial court's judgment against it after the corporation's charter had been forfeited. 853 S.W.2d 525, 1993 Tex. LEXIS 67, 36 Tex. Sup. J. 928 (Tex. 1993). The Texas Supreme Court held that extinguished corporations have a right to appeal a judgment against them and explained that "the reasoning for allowing a corporation which has ceased to exist to prosecute an appeal is applicable *in any* circumstance." *Id.* at 526 (emphasis added).

Relying upon *Vanscot*, the Fourteenth Court of Appeals confirmed that the forfeiture of a corporate charter under the Tax Code does not prevent a corporation from pursuing an appeal. *Cruse v. O'Quinn*, 273 S.W.3d 766, 2008 Tex. App. LEXIS 8990 (Tex. App. Houston 14th Dist. 2008, pet. denied). Quoting the Texas Supreme Court, the Fourteenth Court of Appeals explained that "corporations have the same right to have judgments against them revised by the appellate courts as

2

have persons, and that even extinguished corporations are entitled to a hearing before the appellate courts." *Id.* (citing *Vanscot*, 853 S.W.2d at 526).

Likewise, the Thirteenth Court of Appeals reached the same conclusion and held that the forfeiture of a corporate charter under the tax code does not prevent a corporation from appealing an adverse judgment against it. *Suntide Sandpit, Inc. v. H & H Sand & Gravel, Inc.*, 2012 Tex. App. LEXIS 5870, 2012 WL 2929605, at *12 (Tex. App.—Corpus Christi 2012, pet. denied). The Corpus Christi Court of Appeals noted that case law plainly established that a corporation has the right to appeal a judgment against it. *Id.* The Court further noted that the law is well established that defunct corporations still have the right to defend claims brought against them which includes an appeal. *Id*

Appellee cites no authority to the contrary. As such, Appellant Country Title, LLC respectfully requests that this Court deny Appellee's Motion to Dismiss.

## III.
## Request for Attorney's Fees

Appellant Country Title, LLC requests that this Court award Country Title, LLC its attorney's fees incurred in preparing a response to Appellee's baseless Motion to Dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 9.002, *et. seq*. Appellee filed the Motion to Dismiss on December 23, 2014. A few hours after filing, Appellant provided Appellee's counsel with the case law establishing

3

Country Title, LLC's right to appeal and requested that the motion be withdrawn. Appellee provided no response and as such, has chosen to proceed with its meritless motion. As such, Country Title requests that this court award it $750 in attorney's fees incurred as a result of preparing a response to the Motion to Dismiss.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant, Country Title, L.L.C., prays that this Court deny Appellee's Motion to Dismiss Appeal, award it $750 in attorney's fees incurred in preparing a response to the Motion to Dismiss, and for any such further relief to which it may be entitled.

Respectfully submitted,

**LeClairRyan**

By: */s/ James J. McConn*_____
Brianne W. Richardson
State Bar No. 24056500
Email: brianne.richardson@leclairryan.com
James J. McConn
State Bar No. 13439700
Email: james.mcconn@leclairryan.com
Leslee N. Haas
State Bar No. 24041031
E-Mail: leslee.haas@leclairryan.com
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: 713-654-1111
Facsimile: 713-650-0027
**ATTORNEYS FOR APPELLANT,
COUNTRY TITLE, L.L.C.**

4

**CERTIFICATE OF SERVICE**

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties which are listed below on December 31, 2014 as follows:

L. T. "Butch" Bradt
Betsy L. Grubbs
Teltschik-Grubbs, P.L.L.C.
14014 Southwest Freeway, Suite 4
Sugar Land, Texas 77478

*/s/ James J. McConn*_____
James J. McConn, Jr.

02929.825 / 1708490.1